IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BUDHA ISMAIL JAM, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> INTERNATIONAL FINANCE CORPORATION, <br><br> Defendant. | Civil Action No. 15-cv-00612 (JDB) |

**PLAINTIFFS' MOTION TO EXTEND TIME FOR AMENDMENT
AND DECLARATION OF MARCO SIMONS**

Pursuant to Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure, Plaintiffs Budha Ismail Jam *et al.* hereby move for an extension of time to amend their complaint as a matter of course.

Under Rule 15(a)(1)(A) of the Federal Rules, Plaintiffs have until 21 days after service of a motion to dismiss to amend their complaint "as a matter of course" – i.e., without leave of the Court or consent of the Defendant. With the additional three days provided by Rule 6(d), Plaintiffs' time to amend as a matter of course will expire on Monday, July 27, 2015.[1]

Courts have allowed parties to extend the time for amendment as a matter of course where, under the circumstances of that case, it does not make sense to require amendment during the

---

[1] Rule 6(d) adds to the period in which a party to act in response to service of a document, if service is made by one of several means including e-filing. This rule applies to extend the time for amendment as a matter of course. "Read together according to their plain and unambiguous meaning, because Rule 15(a) requires a party to act within a specified time after service, Rule 6(d) operates to enlarge Rule 15(a)'s 21-day amendment period by 3 days when the [motion to dismiss] is served electronically as Defendants' [motion] was here." *Bentley Indus. v. Longevity Network, LLC,* No. 2:12-cv-1067, 2013 U.S. Dist. LEXIS 181679, *5 (D. Nev. Dec. 30, 2013).

1

course of briefing on a motion to dismiss. In *SJ Properties Suites v. Specialty Finance Group, LLC*, 733 F. Supp. 2d 1021, 1038 (E.D. Wisc. 2010), for example, the district court held that an extension of the time for amendment was appropriate under Rule 6(a)(1)(A):

> [W]ith exception of the time to act under a few specific rules — that do not include the rule for amendment of pleadings — Rule 6(b)(1)(A) allows the Court, for good cause, to extend the time to do an act, if the request is made before the original time expires. *See* Fed. R. Civ. P. 6(b)(1)(A) & (b)(2). The Plaintiffs have established good cause for an extension of time to amend their pleading, and therefore, their motion is granted.

*Id.* at 1038.

Under the circumstances of this case, amendment of the complaint makes little sense at the moment. The International Finance Corporation (IFC) has raised several threshold issues, primarily international organization immunity, that will require resolution before this case can proceed. And the IFC has already indicated that it plans to appeal any denial of its Motion to Dismiss: "[U]nlike most US court cases, the outcome of the initial motion will be immediately appealable regardless of which side wins due to the nature of IFC and the International Organizations Immunities Act." Declaration of Marco Simons ("Simons Decl.") ¶ 3. Although an appeal from a denial of the Motion to Dismiss need not stay the entire case, these claims are unlikely to proceed on the merits until an appeal is decided.

Plaintiffs intend to amend their complaint, but their amendments are not necessary to respond to the current Motion to Dismiss before the Court. All that would be accomplished by amending now would be to delay the current briefing schedule, a heavily negotiated schedule that took the parties a full month to resolve, due to scheduling conflicts. *See* Simons Decl. ¶¶ 2-4. If this case is dismissed, the amendments would be unnecessary.

Plaintiffs therefore request that, rather than departing from the stipulated briefing schedule, they be allowed to amend their complaint as a matter of course following a denial of the motion to

dismiss; a grant of dismissal would, as usual, require leave to amend. This course will move the case more efficiently along to the necessary appeal.

Counsel for the Defendant has indicated that they oppose this motion.

Dated: July 22, 2015

Respectfully submitted,

/s/ *Marco Simons*
Marco Simons (D.C. Bar No. 492713)
Jonathan Kaufman (D.C. Bar. No. 996080)
Michelle Harrison (D.C. Bar No. 1026592)
EARTHRIGHTS INTERNATIONAL
1612 K St. NW Suite 401
Washington, DC 20006

*Counsel for Budha Ismail Jam*, et al.

## DECLARATION OF MARCO SIMONS

I, Marco Simons, declare as follows:

1. I am an attorney and member of the bars of the District of Columbia and of the states of Washington and California, as well as of the U.S. Supreme Court, the U.S. Courts of Appeals for the D.C., Fourth, Ninth, and Eleventh Circuits, and several U.S. district courts including the U.S. District Court for the District of Columbia. I am the General Counsel of EarthRights International (ERI), counsel for the plaintiffs in *Jam v. International Finance Corp.*, No. 5-cv-00612 (JDB). The facts stated herein are based on my personal knowledge. If called upon to do so I could and would competently testify thereto.

2. The complaint in *Jam* was filed on Thursday, April 30, 2015. The next day, Friday, May 1, counsel for the International Finance Corporation (IFC) Frank Vasquez contacted my colleague Jonathan Kaufman to discuss the complaint, accepting service, and a schedule for the motion to dismiss. For the next four weeks, I exchanged correspondence with Mr. Vasquez regarding acceptance of a service and a possible schedule for the IFC's planned motion to dismiss.

3. During the course of that correspondence, in an email to me on May 11, Mr. Vasquez stated: "I am also assuming that you have explained to your clients that, unlike most US court cases, the outcome of the initial motion will be immediately appealable regardless of which side wins due to the nature of IFC and the International Organizations Immunities Act."

4. Finally, on June 1, 2015, the parties came to agreement over the schedule for the motion to dismiss that the Court ultimately approved.

I declare under penalty of perjury that the foregoing is true and correct.

Signed in Washington, the District of Columbia, on the 22nd day of July, 2015.

By: *[signature]*

MARCO SIMONS

1

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of July, 2015, I caused the foregoing Motion for Extension of Time for Amendment and Declaration of Marco Simons to be filed with the Clerk of Court for the United States District Court for the District of Columbia using the Court's CM/ECF system. All parties will be served via CM/ECF.

Dated: July 22, 2015                                             /s/ Marco Simons
                                                                 Marco Simons