**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| BUDHA ISMAIL JAM, *et al.*, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| *v.* | ) | Civil Action No. 1:15-cv-00612-JDB |
| | ) | |
| INTERNATIONAL FINANCE CORPORATION, | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION**
**TO EXTEND TIME TO AMEND THEIR COMPLAINT AS A MATTER OF COURSE**

Defendant International Finance Corporation ("IFC") respectfully submits this opposition to

Plaintiffs' Motion to Extend Time for Amendment (the "Motion"). Plaintiffs' right to amend without

leave of the Court has expired, Plaintiffs have not proffered any proposed amendments to counsel or

the Court, and Plaintiffs offer no good reason — and certainly have not established "good cause" —

to adjust the ordinary time limit under Rule 15(a)(1) of the Federal Rules of Civil Procedure. This

Court should deny the Motion.

In 2009, the Supreme Court purposefully amended Rule 15 to limit the usage of amendments

as a matter of course in response to a motion to dismiss; now, a plaintiff may amend its pleading

once as a matter of course "21 days after service of it" *or* "21 days after service of a motion under

Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Before the latest

amendments, the filing of a motion under Rule 12 had no effect on the time to amend a pleading as a

matter of course; the Supreme Court changed that. As the Advisory Committee Notes provide, in

relevant part: "A responsive amendment may avoid the need to decide the motion or reduce the

number of issues to be decided, and will expedite determination of issues that otherwise might be

raised seriatim.  *It also should advance other pretrial proceedings*."  Fed. R. Civ. P. 15 Advisory

Comm. Notes on Rules — 2009 Amendment (emphasis added).  A party seeking to extend the

deadline under Rule 15(a)(1)(B) must establish "good cause."  Fed. R. Civ. P. 6(b)(1).  Plaintiffs'

explanation for why they need this extension falls short of this standard.

Plaintiffs allege that they already know what amendment(s) they will make to their

complaint.  Mot. at 2 ("Plaintiffs intend to amend their complaint, but their amendments are not

necessary to respond to the current Motion to Dismiss before the Court.");  *see also* Declaration of

Francis A. Vasquez, Jr. dated August 7, 2015 ¶ 2 (in July 20, 2015 e-mail, Marco Simons stated that

Plaintiffs "have a few amendments, mostly relating to the class action allegations, that we intend to

make . . . .").  Despite their knowledge, Plaintiffs have not proffered their proposed amendments, and

instead have allowed their time to amend the complaint as a matter of course to expire on July 27,

2015.

Far from establishing "good cause," Plaintiffs seek an extension for no other purpose than

their own convenience: "All that would be accomplished by amending now would be to delay the

current briefing schedule . . . ."  Mot. at 2.  Plaintiffs cite no other reason for this extension and do not

explain why they did not file their amended complaint now.  "[D]elaying the current briefing

schedule" is not enough to depart from Rule 15(a), particularly when Plaintiffs already know what

amendments they want to make.

In fact, Plaintiffs' citation to the "heavily negotiated schedule" is a red herring.  Rather than

building time into the schedule (or simply filing their amended complaint months ago, before

receiving IFC's motion to dismiss), Plaintiffs first obtained from IFC beneficial extensions to key

deadlines and now seek from this Court *yet another extension* well beyond what the Federal Rules

provide for no other reason than their convenience.

Indeed, Plaintiffs' tactics are little more than an attempt to game the rules to maintain their case as long as possible.  On July 1, 2015, IFC filed an extensive motion to dismiss the Complaint, accompanied by an affidavit from an Advocate on Record of the Supreme Court of India for over 30 years, a declaration from a Solicitor in England Wales for over 20 years, and a declaration from the Deputy General Counsel of IFC.  IFC's Mot. to Dismiss  (Dkt. No. 10.)  IFC submits that the Complaint should be dismissed on one or more of the following grounds: (i) lack of subject-matter jurisdiction under Rule 12(b)(1), because IFC is immune from suit under the International Organizations Immunities Act, 22 U.S.C. § 288, *et seq.*; (ii) the doctrine of *forum non conveniens*, because the Complaint concerns allegedly tortious conduct against Indian citizens in connection with a power plant in India; (iii) the failure to join three indispensable parties under Rule 19 — including the entity that actually owns and operates the power plant; and (iv) the failure to state a claim upon which relief can be granted under Rule 12(b)(6), because, among other things, IFC does not own or operate the Indian facility.  *Id.* at 1-2.  Notably, Plaintiffs only requested this extension after reading IFC's motion papers.

Plaintiffs' citation to *SJ Properties Suites v. Specialty Finance Group, LLC*, 733 F. Supp. 2d 1021 (E.D. Wisc. 2010), does not help them.  That action was filed in state court, removed to federal court, and then subject to a motion to remand by the plaintiffs.  In conjunction with the remand motion, the plaintiffs sought an extension of time to amend their pleadings as a matter of course *if* their remand motion was denied "to prevent the Plaintiffs from having to file amended pleading *requesting jurisdiction, while simultaneously challenging jurisdiction with a motion to remand.*"  *Id.* at 1038 (emphasis added).  In the decision denying the remand motion, the court granted the plaintiffs' Rule 6(b)(1)(A) motion because the plaintiffs' untenable position established good cause to extend the time to amend as a matter of course under Rule 15(a).  *Id.*

Plaintiffs face no such circumstances here.  They know what their amendments will be, and have known for weeks if not months.  This Court should not countenance such tactics.

Finally, Plaintiffs have another remedy that is more than adequate.  To the extent Plaintiffs can show good cause in the future, they may apply to the Court to file an amended complaint under Rule 15(a)(2) of the Federal Rules of Civil Procedure, after sharing the proposed amendments with counsel.  IFC believes, however, that any such proposed amendments will be futile in light of IFC's motion to dismiss.

## CONCLUSION

For these reasons, this Court should deny Plaintiffs' Motion to Extend Time for Amendment.

Dated:  August 7, 2015

Respectfully submitted,

/s/ Francis A. Vasquez, Jr.

Francis A. Vasquez, Jr. (D.C. Bar No. 442161)
Dana E. Foster (D.C. Bar No. 489007)
701 Thirteenth Street, N.W.
Washington, D.C. 20005
Phone: (202) 626-3600
Facsimile: (202) 639-9355
fvasquez@whitecase.com
defoster@whitecase.com

*Counsel for International Finance
Corporation*