IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BUDHA ISMAIL JAM, *et. al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>INTERNATIONAL FINANCE CORPORATION<br><br>*Defendant* | Civil Action No. 1:15-CV-00612-JDB. |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO EXTEND
TIME TO AMEND THEIR COMPLAINT AS A MATTER OF COURSE**

The IFC misunderstands why Plaintiffs seek an extension of time to amend their complaint as a matter of right. Plaintiffs do not do so for "their own convenience" but rather because the amendments Plaintiffs intend to make relate to class issues, which are not relevant to the IFC's pending motion to dismiss. *See* DE 16 at 2. Both parties and the Court will be served by simply resolving the issues raised in the IFC's motion to dismiss now.

When Plaintiffs filed their motion to extend time–when their amendment as a matter of course would have been timely–the intent was simple: to move expeditiously to a decision on the merits of the motion to dismiss. And as Plaintiffs explained in their opening motion, the intended amendments have no bearing on that potentially dispositive motion.

The IFC offers no convincing argument as to why Plaintiffs' request should be denied. They object to the extension on two primary grounds. First, the IFC accuses Plaintiffs of attempting to "game the rules to maintain their case as long as possible." DE 16 at 3.[1] But the IFC fails to explain

---

[1] The IFC's arguments on this point are internally inconsistent. On the one hand, they complain that the Plaintiffs are seeking to prolong the litigation; while on the other hand they protest that a desire to avoid delay is not "good cause" to extend the time to amend as a matter of course. DE 16 at 2. Which is it: are Plaintiffs trying to hurry along or slow down the litigation?

how granting this extension would prolong this litigation. If the IFC prevails on its motion to dismiss, then the need to amend the class allegations in the complaint will be gone. If, on the other hand, the IFC's motion is denied, as Plaintiffs' believe it should be, then the amendments will be addressed in the ordinary course of litigation. Resolving the motion to dismiss now and allowing the Plaintiffs to amend the class allegations only if the complaint survives would benefit both parties and judicial economy.

The IFC's second argument seems to be that the Plaintiffs should not benefit from the IFC's papers when amending the complaint as a matter of course. *E.g. id.* at 3 ("Plaintiffs only requested this extension after reading IFC's motion papers."). That is both irrelevant and wrong. It is irrelevant because Plaintiffs' intended amendments are not related to the facts or arguments raised in the IFC's motion to dismiss. *See* DE 16 at 2. And it is wrong because, as the IFC recognizes, Rule 15(a) specifically envisions circumstances where an amendment as a matter of course might respond directly to concerns introduced by a defendant's Rule 12 motion. Fed. R. Civ. P. 15 advisory committee's note to 2009 amendment.

"The court's power to extend time under Rule 6(b) will be employed to achieve 'the just, speedy, and inexpensive determination of every action' as required by Rule 1." Wright & Miller, Fed. Prac. & Proc. § 1165 (4th ed.). Plaintiffs' request was intended to facilitate the quick resolution of the motion to dismiss by avoiding delay by amendments not germane to this stage of the litigation or the resolution of the motion to dismiss. Moreover, "an application for extension of time under Rule 6(b)(1)(A) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id.* Plaintiffs are not trying to obtain any undue advantage, (rather simply save time after an already extended briefing schedule); and the IFC has not identified any prejudice if Plaintiffs are permitted to amend the class allegations in the complaint after the motion to dismiss is decided.

For the foregoing reasons, and for the reasons articulated in Plaintiffs' original motion, this Court should extend the deadline for Plaintiffs' amendment as a matter of course under Rule 15(a).

Dated: August 12, 2015                             Respectfully submitted,

<p style="margin-left: 40%;">
<u>/s/ Michelle Harrison</u><br>
Michelle Harrison (D.C. Bar No. 1026592)<br>
Marco Simons (D.C. Bar No. 492713)<br>
Jonathan Kaufman (D.C. Bar. No. 996080)<br>
EARTHRIGHTS INTERNATIONAL<br>
1612 K St. NW Suite 401<br>
Washington, DC 20009<br>
Phone: (202) 466-5188<br>
Fax: (202 466-5189<br>
michelle@earthrights.org<br>
marco@earthrights.org<br>
jonathan@earthrights.org<br>
<br>
*Counsel for Budha Ismail Jam*, et al.
</p>