UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BUDHA ISMAIL JAM, et al.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**INTERNATIONAL FINANCE CORPORATION,**<br><br>**Defendant.** | Civil Action No. 15-612 (JDB) |

## ORDER

Federal Rule of Civil Procedure 15 allows plaintiffs to amend their complaint as a matter of course within twenty-one days of being served with a motion to dismiss. See Fed. R. Civ. P. 15(a)(1)(B). And the Court may extend this twenty-one day period under Rule 6(b) "where good cause is shown." S.K. Innovation, Inc. v. Finpol, 854 F. Supp. 2d 99, 119 (D.D.C. 2012) (internal quotation marks omitted).

Defendant filed a motion to dismiss plaintiffs' complaint on July 1, 2015. Several days before plaintiffs' time to amend as a matter of course expired,[1] they brought this motion seeking an extension. Plaintiffs say they would like to amend their complaint at some time during this litigation. But, they argue, it "makes little sense" for them to do so right now. Pls.' Mot. to Extend at 2. In plaintiffs' view, amending now has little upside because their intended amendments "are not necessary to respond to" the motion to dismiss. Id. Amendment would, however, create the

---

[1] Plaintiffs are entitled to three extra days when, as here, the motion to dismiss is served electronically. See Fed. R. Civ. P. 6(d). The parties agree that, after adding these three days and accounting for a weekend, plaintiffs could amend as a matter of course until July 27. See Pls.' Mot. to Extend [ECF No. 15] at 1; Def.'s Opp'n [ECF No. 16] at 2.

risk of delaying the "heavily negotiated [briefing] schedule" that has been adopted by the parties and the Court. Id. Better, then, for the Court to extend the period during which plaintiffs can amend their complaint as a matter of course—to twenty-one days after this Court denies the pending motion to dismiss, or twenty-one days after the court of appeals reverses a decision initially granting that motion. See Pls.' Proposed Order [ECF No. 15-1] at 1. If plaintiffs' case is dismissed, of course, amendment would become unnecessary.

The Court does not see good cause to grant the requested extension. Plaintiffs contend that an extension is appropriate because their intended amendments are unrelated to the substance of the motion to dismiss. But once plaintiffs' premise is accepted, their conclusion does not necessarily follow. In the Court's view, plaintiffs have not adequately explained why their intended amendments threatened to disrupt the briefing of an entirely unrelated motion to dismiss. And in the absence of a current problem to solve, the Court hesitates to enter an order addressing a hypothetical scenario that may or may not exist at an unspecified time in the future. Plaintiffs' motion will therefore be denied. But nothing in this Order precludes plaintiffs from seeking leave to amend their complaint, if and when the litigation reaches a stage where such amendment would be helpful.

Upon consideration of [15] plaintiffs' motion for an extension of time, [16] defendant's opposition, and [17] plaintiffs' reply, and the entire record herein, it is hereby

**ORDERED** that [15] plaintiffs' motion for an extension of time is **DENIED**.

**SO ORDERED.**

> /s/
> JOHN D. BATES
> United States District Judge

Dated: August 14, 2015