IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BUDHA ISMAIL JAM, *et al.*,<br><br>        Plaintiffs,<br><br>        v.<br><br>INTERNATIONAL FINANCE CORPORATION,<br><br>        Defendant. | Civil Action No. 15-cv-00612 (JDB) |

**MOTION TO DISREGARD NEW ARGUMENTS DEFENDANT IMPERMISSIBLY RAISED FOR THE FIRST TIME ON REPLY OR, IN THE ALTERNATIVE, FOR LEAVE TO RESPOND**

Plaintiffs respectfully move the Court to disregard new arguments in Defendant IFC's Reply Memorandum of Law in Further Support of its Motion to Dismiss ("Reply"), DE 23, and new issues raised in the Second Declaration of Cyril Shroff ("Second Shroff Declaration"), DE 23-1, filed in support thereof. In the alternative, Plaintiffs request leave to file the attached Response, which briefly shows that the IFC's new arguments contradict other positions the IFC takes and are meritless.

Where a movant raises arguments for the first time on reply, "the court will either ignore those arguments" or "provide the non-movant an opportunity to respond" by "granting leave to file a surreply." *Flynn v. Veazey Constr. Corp.,* 310 F. Supp. 2d 186, 189 (D.D.C. 2004). The better course is to ignore the new arguments. As the D.C. Circuit has held, courts "generally deem arguments made only in reply briefs to be forfeited." *MBI Grp., Inc. v. Credit Foncier du Cameroun*, 616 F.3d 568, 575 (D.C. Cir. 2010) (citations omitted). *See also Jones v. Mukasey*, 565 F. Supp. 2d 68, 81 (D.D.C.

2008) (noting that "the D.C. Circuit has consistently held [that] the Court should not address arguments raised for the first time in a party's reply").

Alternatively, leave to file a response is "routinely" granted where a party would be "unable to contest matters presented to the court for the first time in the last scheduled pleading." *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003). A response is also appropriate where a party submits supplemental declarations as part of its reply brief. *See e.g., Doe v. Exxon Mobil Corp.*, 69 F. Supp. 3d 75, 85 (D.D.C. 2014); *Wultz v. Islamic Republic o*f Iran, 755 F. Supp. 2d 1 (D.D.C. 2010).

The IFC impermissibly makes new arguments and submits a new declaration raising new issues on reply. Most prominently, the IFC attempts for the first time to meet its threshold burden to show that Indian courts would have jurisdiction over claims against the IFC, a prerequisite for *forum non conveniens* dismissal. The IFC intentionally omitted this argument from its Motion to Dismiss. Plaintiffs – before filing their opposition – pointed out to the IFC that IFC's Motion "neither argu[ed] that [the IFC] is subject to jurisdiction in India nor agree[d] to submit to jurisdiction in India," and asked the IFC for its position on jurisdiction so that Plaintiffs could respond. DE 22-5 (Declaration of Richard Herz) ¶ 2 & Ex. 1.

Counsel for the IFC responded that he was "consulting with the IFC" on the question and would "revert when we have instructions." *Id*. ¶ 3. A week later, after further inquiries from Plaintiffs' counsel, he said he was "still conferring with the IFC on the Indian jurisdiction issue" and "expect[ed] to have a response by the end of the week." *Id*. ¶¶ 4-5. But a week later, and nearly four weeks after the IFC filed its Motion, IFC's counsel refused to provide the IFC's position on jurisdiction, saying "we believe our motion papers speak for themselves and *we will address whatever issues remain in our reply papers*." *Id*. ¶¶ 6-7 (emphasis added). The IFC specifically saved its argument for reply. Plaintiffs in their opposition noted that the IFC should not be permitted to make a jurisdictional argument on reply, precisely because it was already apparent that the IFC intended to

sandbag this issue. DE 22 (Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Complaint ("Opp.")) at 34, n.22.

That is exactly what the IFC did. The IFC's motion made no jurisdictional argument, and Mr. Shroff stated only that India "possesses jurisdiction over the whole controversy," DE 12 (First Shroff Declaration) ¶ 20, a conclusory statement that the IFC did not even bother to cite. Plaintiffs have shown that is not enough. Opp. at 33. Neither IFC nor Mr. Shroff mentioned the International Finance Corporation (Status, Immunities and Privileges) Act, 1958. But on reply, Mr. Shroff now says the IFC's Articles of Agreement, including its waiver provision (Art. VI, § 3), are incorporated into Indian law by that Act. Second Shroff Decl. ¶ 59. Citing this, the IFC argues for *forum non conveniens* purposes that its waiver provision permits Plaintiffs claims in India. Reply at 16.

The Court should not consider this new argument. But if it does, it should allow Plaintiffs the opportunity to respond. The IFC's argument is entirely inconsistent with the IFC's claim, based on the *same* waiver provision, that it has *not* waived immunity. *See e.g.* DE 10-1 (Defendant IFC's Memorandum of Law in Support of its Motion to Dismiss ("MTD")) at 9 (Plaintiffs' claims are "not covered by the limited waiver of immunity set forth in Article VI, Section 3,"); Reply at 8. In their Response, Plaintiffs show that IFC's new argument both fails to prove that India is an available alternative forum and undermines the IFC's immunity claim, since, if the IFC is actually claiming that there is jurisdiction in India based on the waiver provision in its Articles of Agreement, then it has also waived immunity here.

The IFC has also rewritten its Rule 19 argument. It originally claimed that this Court could not provide "complete relief" because, "[s]hould the Court find IFC liable, IFC itself would have claims against the absent parties," whose "alleged conduct is central to the plaintiffs' causes of action." MTD at 30. Now, IFC argues that the Court cannot accord "complete relief" for a different

reason: that Plaintiffs are seeking an injunction abating the nuisance. Reply at 20. The Court should not consider this new argument either. But if it does, Plaintiffs' Response shows that it is wrong.

IFC management further argues, for the first time on reply, and contrary to the IFC's repeated public statements, that the D.C. Circuit's "corresponding benefit" test is not met because the IFC's commitments to environmental and social protections and reducing poverty "are not essential to IFC's chartered objectives." Reply at 9, 14. If the Court were to consider that new claim, and it should not, Plaintiffs' Response demonstrates that, in describing its charted objectives, *id.* at 8, the IFC omits its "purpose" as listed in its Charter – "to further economic development," DE 10-8 (Articles of Agreement) Art. 1 – and that the IFC has expressly affirmed that its environmental and social protections are critical to that purpose.

Parties are required to raise all of their arguments in their opening brief to prevent gamesmanship. *See Corson & Gruman Co. v. NLRB,* 899 F.2d 47, 50 n.4 (D.C. Cir. 1990) (all arguments must be raised in the opening brief "to prevent sandbagging" of non-movants); *GFL Advantage Fund, Ltd. v. Colkitt*, 216 F.R.D. 189, 197 (D.D.C. 2003) (a non-movant "may be 'sandbagged' by not being able to answer a contention that appeared for the first time in the reply."). The Court should not consider any of the IFC's new arguments.

But if the Court nonetheless permits the IFC to raise new arguments on reply, the Court should permit Plaintiffs to respond, through their proposed response, to the new arguments raised in the IFC's reply brief and the Second Shroff Declaration, which would otherwise go uncontested. Allowing Plaintiffs leave to respond "would be helpful to the resolution of the pending motion," and would not "unduly prejudice[ ]" the IFC. *Exxon*, 69 F. Supp. 3d at 85.

Plaintiffs therefore respectfully request that the Court disregard the new arguments and issues raised on reply, or, in the alternative, grant leave to file the attached response.

Plaintiffs' counsel conferred with opposing counsel as required by Local Rule 7(m). The IFC opposes both disregarding its new arguments and allowing Plaintiffs to respond.

| | |
|---|---|
| Dated: November 10, 2015 | Respectfully submitted, |

/s/ Richard L. Herz
Richard L. Herz (*pro hac vice*)
Marco Simons (D.C. Bar No. 492713)
Jonathan Kaufman (D.C. Bar. No. 996080)
Michelle Harrison (D.C. Bar No. 1026592)
EARTHRIGHTS INTERNATIONAL
1612 K St. NW Suite 401
Washington, DC 20009
Phone: (202) 466-5188
Fax: (202) 466-5189
rick@earthrights.org

*Counsel for Budha Ismail Jam*, et al.