**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| BUDHA ISMAIL JAM, *et al.*, | |
| Plaintiffs, | Civil Action No. 15-cv-00612 (JDB) |
| v. | |
| INTERNATIONAL FINANCE CORPORATION, | |
| Defendant. | |

**PLAINTIFFS' RESPONSE TO NEW ARGUMENTS THE DEFENDANT
IMPERMISSIBLY RAISED FOR THE FIRST TIME ON REPLY**

Richard L. Herz (*pro hac vice*)
Marco Simons (DC Bar No. 492713)
Jonathan Kaufman (DC Bar No. 996080)
Michelle Harrison (DC Bar No. 1026592)
EARTHRIGHTS INTERNATIONAL
1612 K St. NW, Suite 401
Washington, D.C. 20009
(202) 466 - 5188

*Counsel for Plaintiffs Budha Ismail Jam et al.*

## INTRODUCTION

This Court should not consider issues the IFC failed to raise in its opening brief. But even if it does, the IFC's new arguments are meritless.

To salvage its fatally flawed *forum non conveniens* argument, the IFC contradicts its immunity argument. The IFC tries to prove India has jurisdiction by asserting that the waiver of immunity provision in its Articles of Agreement permits these claims. But elsewhere in its briefs, the IFC argues precisely the opposite. Since one of its mutually exclusive arguments would preclude jurisdiction in India, and since the IFC still refuses to consent to jurisdiction, it can hardly claim to meet its burden to prove India has jurisdiction.

If anything, the IFC's admission that its Articles of Agreement waives immunity provides yet another reason to find there is no immunity here.

The IFC's new "corresponding benefits" argument that environmental and social protections and reducing poverty "are not essential to IFC's chartered objectives" comes as quite a surprise. That false claim contradicts not just the IFC's Charter, but also its oft-repeated public assurances that such protections are central to its poverty-fighting mission.

The IFC's new Rule 19 argument also fails. The fact that Plaintiffs seek an injunction in addition to damages is irrelevant, since joint tortfeasors are not necessary parties. Regardless, the only injunction Plaintiffs seek would have the IFC enforce its own contract, which it surely can do. But even if it could not, the Court could still provide meaningful relief by awarding damages.

## I.    The IFC's new argument that India is an available forum contradicts its waiver argument and thus fails to meet its burden.

*Forum non conveniens* dismissal requires certainty that there is jurisdiction in the alternative forum. *See e.g. El-Fadl v. Cent. Bank of Jordan,* 75 F.3d 668, 678-79 (D.C. Cir. 1996). But the IFC sows confusion. Its argument that there is jurisdiction in India utterly conflicts with its claim, based on the *same* waiver provision, that it has *not* waived immunity. And it still steadfastly refuses to consent to

jurisdiction in India. Why? If the IFC really intended to permit itself to be sued in India, it would have no reason to refuse to consent. The IFC has not shown there is jurisdiction in Indian and it is not serious about submitting to India's jurisdiction.

For *forum non conveniens* purposes, the IFC now argues that Indian law incorporates the IFC Articles of Agreement, and that the Articles' waiver provision, Article VI, Section 3, *permits* Plaintiffs' claims. DE 23 (Defendant IFC's Reply Memorandum of Law in Further Support of its Motion to Dismiss ("Reply")) at 16.[1] But the IFC vociferously and repeatedly claims that it "has not waived and would not waive its immunity to [this] type of suit," *id.* at 8; *accord* DE 10-1 (Defendant IFC's Memorandum of Law in Support of its Motion to Dismiss ("MTD")) at 1, 16; and, more specifically, that Plaintiffs' claims are "not covered by the limited waiver of immunity set forth in Article VI, Section 3, of IFC's Articles of Agreement." MTD at 9. Which is it? The IFC cannot meet its burden to prove what it expressly denies.

The IFC's India jurisdiction argument assumes the IFC's waiver provision applies without qualification; that is, that the D.C. Circuit's "corresponding benefit" test is wrong. Not just wrong, but *so* wrong that no Indian court could ever adopt it. To be clear, Plaintiffs *agree* with the IFC that its waiver provision *should* be read to mean what it says, and that therefore no corresponding benefit is necessary. DE 22 (Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Complaint ("Opp.")) at 21, n.12 (preserving this issue for appeal.). But the D.C. Circuit adopted the test based on a reading of both international law and a waiver provision identical to the IFC's, including the provision that the purpose of waiver is to "[t]o enable the [organization] to fulfill the functions with which it is entrusted." *Mendaro v. World Bank*, 717 F.2d 610, 614-20 (D.C. Cir. 1983); *see also* DE 10-8 (IFC Articles of Agreement) Art. VI §§ 1, 3. The IFC cannot say that an

---

[1] Article VI, Section 3 is the IFC Charter's waiver of immunity provision. *Osseiran v. Int'l Fin. Corp.*, 552 F.3d 836, 838-39 (D.C. Cir. 2009).

Indian court will not adopt the same test as the D.C. Circuit did, especially when the IFC offers no assurances that it will not argue for the *Mendaro* rule in India. And the IFC cannot claim on the one hand that its waiver is narrow and does not apply here, and then spin 180° and argue that an Indian court would, without question, find that the IFC *can* be sued based on that *same* provision.[2]

Thus, saying as the IFC does that it would be subject to jurisdiction in India under the waiver provision because it has offices there, Reply at 16, provides no assurances that Plaintiffs' claims could in fact be reinstated in India. The IFC has offices here, too, and yet it argues that it is *not* subject to jurisdiction here. And the IFC and its expert create further uncertainty with statements that seem crafted to avoid making any commitments to which the IFC might later be held. *E.g.,* Reply at 16 ("*If* the Court accepts Plaintiffs allegations as true that IFC does business in India, Indian courts *should be able to* exercise jurisdiction over IFC.") (emphasis added); DE 23-1 (Second Declaration of Cyril Shroff ("Second Shroff Decl.")) ¶ 59 ("*in case* the conditions specified in Section 3 of Article VI are met, *then* IFC can be subject to an action in India.") (emphasis added). Such ambiguous, non-committal statements would not suffice even if the IFC's own briefs did not contradict them. *See e.g. El-Fadl*, 75 F.3d at 679.

The IFC cites no Indian case finding personal jurisdiction over the IFC, no Indian case that has applied the IFC Act or found subject matter jurisdiction over the IFC, indeed, no Indian case that has ever proceeded against the IFC. And since the IFC refuses to consent to jurisdiction, nothing prevents it from arguing in India that its waiver requires a corresponding benefit, as *Mendaro*

---

[2] While Plaintiffs have shown that their claims provide the IFC corresponding benefits, Opp. at 22-26, the IFC vigorously denies this. If Indian courts were to adopt *Mendaro*, it would be substantially harder to establish jurisdiction there than it is here. There, a corresponding benefit would be a prerequisite to *jurisdiction*. But here, it is only a prerequisite to *waiver*, which is relevant only if the International Organizations Immunities Act (IOIA), otherwise grants immunity. As shown elsewhere, the IOIA does not grant immunity in this case, irrespective of whether there is waiver. Opp. at 14.

held, and to argue, as they do here, that Plaintiffs cannot meet that test. Nothing prevents it from

arguing that India lacks personal jurisdiction, or from raising any other objection to jurisdiction. And

nothing prevents it from benefitting from any jurisdictional bar an Indian court might find on its

own. Dismissal is improper in the face of such uncertainties. *El-Fadl,* 75 F.3d at 679.[3]

      Despite this, the IFC says it "need not 'stipulate' to jurisdiction when Indian law allows IFC

to be subject to suit in India." Reply at 16. This argument is inapposite, because the IFC has *not*

shown that Indian law would allow IFC to be sued by Plaintiffs for these claims. The IFC has not

cited a single case – and Plaintiffs have found no post-*Piper Aircraft Co. v. Reyno,* 454 U.S. 235 (1981)

case – where a court has dismissed on the basis of *forum non conveniens* even though the plaintiff raised

concerns about their ability to sue in the foreign forum, and the defendant both failed to show that

it was in fact subject to suit and refused to consent to suit. The single case it does cite, *Kamel v. Hill-*

*Rom Co.,* 108 F. 3d 799, 803 (7th Cir. 1997), does not fill this gap. *See* Reply at 16. The defendant

there *both* consented to jurisdiction, *and* showed that it was unquestionably subject to jurisdiction.

IFC has yet to do either.[4]

      In short, the IFC asks the Court to dismiss from IFC's own home forum, without

consenting to jurisdiction or even stipulating not to raise arguments against jurisdiction in India,

---

[3] Plaintiffs' expert did not "tacitly" concede there is jurisdiction over the IFC in India. Reply at 17. As the IFC recognizes, Mr. Dutta was clear that he "t[ook] no position" on this question. *Id.* (quoting Dutta Decl. ¶ 6).

[4] In all but one of the cases the IFC previously cited, MTD at 21, the defendants consented to jurisdiction. *In re Union Carbide Corp. Gas Plant Disaster at Bhopal,* 809 F.2d 195, 198, 203-204 (2d Cir. 1987); *Advanta Corp. v. Dialogic Corp.,* No. 05-2895, 2006 U.S. Dist. LEXIS 28214, *11 (N.D. Cal. May 2, 2006); *Neo Sack, Ltd. v. Vinmar Impex, Inc.,* 810 F. Supp. 829, 831, 832 (S.D. Tex. 1993); *Ramakrishna v. Besser Co.,* 172 F. Supp. 2d 926, 930 (E.D. Mich. 2001); *Maganlal & Co. v. M.G. Chem. Co.,* No. 88 Civ. 4896, 1990 U.S. Dist. LEXIS 16385, *7-8 (S.D.N.Y. Dec. 5, 1990). In *Jayaram Chigurupati v. Daiichi Sankyo Co.,* No. 10-5495, 2011 U.S. Dist. LEXIS 87432, *9-10 (D.N.J. Aug. 8, 2011), the defendant proved it could be sued in India based on "[t]he extensive litigation history in India between the parties."

based on an argument for jurisdiction in India that it simultaneously denies. The IFC has not met its burden.[5]

## II.    The IFC concedes, and surely does not refute, that it has waived immunity.

### A.    Because the IFC's new argument that there is jurisdiction in India is based on its waiver provision, the IFC concedes that it has waived immunity here.

The IFC's argument that under Article VI, Section 3 of its Articles of Agreement there is jurisdiction in India, Reply at 16, is a concession by the IFC that that waiver provision waives any immunity the IFC may have to these claims in the United States. The provision applies – without distinction – "in the territories of a[ny] member in which [IFC] has an office." DE 10-8, Art. IV § 3. If it permits Plaintiffs' claims in India, it also permits them here.

To be sure, although the IFC's waiver "contain[s] no exceptions for different types of suit," the D.C. Circuit has "read a qualifier into it," the "corresponding benefit" test. *Osseiran*, 552 F.3d at 839-40 (citing *Mendaro*, 717 F.2d at 617). But the IFC's concession that its waiver provision applies to these claims renders that test irrelevant. The corresponding benefit test is largely based on the presumption that "most organizations would be unwilling to relinquish their immunity without receiving a corresponding benefit." *Mendaro*, 717 F.2d at 617. The IFC itself argues that the test is "a proxy to assist the Court in deciding whether IFC actually *intended* to waive its immunity." Reply at 11 (citing *Mendaro*, 717 F.2d at 617) (emphasis in original). If so, there is no reason to apply the

---

[5] Plaintiffs have "conceded" neither the public and private interest factors, nor adequacy. Reply at 17-19. The IFC failed to meet its threshold burden to prove India is *available,* and, when Plaintiffs gave the IFC another opportunity to state its position, it refused. DE 22-5 (Declaration of Richard Herz ("Herz Decl.")) ¶¶ 2-7; Opp. at 33. Thus, there was no reason for the Court to consider, or Plaintiffs to brief, the public and private interest factors, or the forum's adequacy. Opp. at 34. Nor is there now. On reply, the IFC impermissibly seized a *third* chance to meet its threshold burden, but it failed. *Supra* Section I. Even if it had, a surreply is not the time to fully brief these issues, and Plaintiffs have requested leave to do so, if necessary. Opp. at 34, n.22. For example, Shroff's claim that "all of the evidence appears to be located in India," Second Shroff Decl. at 56, is nonsense. The IFC is here, it made decisions about the project here, and the CAO is here.

corresponding benefits test where the IFC admits that its waiver provision waives immunity.

If the IFC is serious in claiming that Article VI, Section 3 is intended to and does in fact allow suit without need to show any corresponding benefit, then it has not only waived immunity here, it has disclaimed reliance on the corresponding benefits test in future cases.

**B.  Waiver of immunity furthers the IFC's chartered objectives.**

Contrary to what it consistently represents to its members and the public, IFC management now claims that the corresponding benefit test is not met because the IFC's commitments to environmental and social protections and reducing poverty "are not essential to IFC's chartered objectives." Reply at 9. But the IFC has been clear that its "mission is to fight poverty" and that "[e]nvironmental and social issues are among the most critical components of the [IFC's] mission." Herz Decl. Ex. 2 ¶ 8; DE 10-9 (CAO Terms of Reference) at 1; Opp. at 5-6. And by its "mission," the IFC means its *chartered* objectives. Although the IFC purports to list those objectives, Reply at 8, it skips the first line in the Article it cites: "The purpose of the Corporation is to further economic development." DE 10-8, Art. 1. The IFC explicitly recognizes that its mandate "to 'do no harm' to people and the environment," is "[c]entral to IFC's *development* mission." Herz Decl. Ex. 2 ¶ 9 (emphasis added); *accord* Ex. 3 ¶ 8. The IFC has expressly affirmed that its environmental and social commitments further the central purpose in its charter.

Regardless, it is far from clear that a goal that the IFC itself defines as its own "mission" must also further a chartered objective. *Osseiran,* for example, framed the inquiry as whether an immunity waiver "would benefit the organization over the long term," or whether an invocation of immunity "would interfere with its *mission.*" 552 F.3d at 840 (emphasis added).[6]

---

[6] The IFC's statement that its environmental commitments are not referenced in the Charter is a red herring. Reply at 9. The IFC does not argue this is required. Nothing in its Charter binds the IFC to pay its consultants or sellers of office supplies, and yet immunity is waived for such disputes. *Vila v. Inter-American Investor Corp.*, 570 F.3d 274, 276 (D.C. Cir. 2009); *Mendaro*, 717 F.2d at 618.

III.    **The fact that Plaintiffs seek an injunction does not transform the IFC's joint-tortfeasors into necessary parties or justify dismissal.**

The IFC's new argument that the Court cannot accord complete relief because Plaintiffs seek an injunction abating the nuisance in addition to damages fails. Reply at 20. It does not refute Plaintiffs' showing that joint tortfeasors are not necessary parties. Opp. at 35-36.

Regardless, "complete relief" refers only to "relief as between the persons already parties, not as between a party and the absent person." *Eldredge v. Carpenters 46 N. California Counties Joint Apprenticeship & Training Comm.*, 662 F.2d 534, 537-38 (9th Cir. 1981) (quoting 3A Moore's Federal Practice ¶ 19.07-1[1], at 19-128 (2d ed. 1980)). Thus *Eldredge* held that an absent party that could frustrate an injunction was not necessary; a defendant cannot avoid an injunction regarding its own illegal acts. *Id.* at 537-38. The injunction Plaintiffs seek would not require the IFC to abate the nuisance; it would require them to enforce their own contract. *See* Compl. ¶ 343. The IFC does not deny that it can do so. Thus, as in *Eldredge*, it is "quite possible" that an injunction against the IFC will benefit Plaintiffs. 662 F.2d at 538.

The IFC's new cases are inapposite. Reply at 20. In *Dawavendewa v. Salt River Project Agric. Improvement & Power Dist.*, 276 F.3d 1150, 1154 (9th Cir. 2002), the defendant's lease with the Navajo Nation required the challenged conduct. Without the Navajo Nation, the injunction would expose the defendant to inconsistent obligations: "comply with the injunction prohibiting the hiring preference policy or comply with the lease requiring it." *Id.* at 1156. There is no such quandary here. Plaintiffs seek to have the IFC *enforce* its contract.

In *Lykins v. Westinghouse Electric*, 710 F. Supp. 1122 (E.D. Ky 1988), the absent landfill owner was necessary because plaintiffs sought abatement of leakage and the parties lacked authority to even enter the site. But the IFC can enforce its own contract. And unlike Plaintiffs' allegations of wrongful conduct *by the IFC*, the plaintiffs in *Glenny v. Am. Metal Climax, Inc.*, 494 F.2d 651, 654 (10th Cir. 1974), sought to hold a parent corporation liable for the acts of its absent subsidiary.

But even if the absent entities are necessary for injunctive relief, that would not justify dismissing the whole case. As Judge Lamberth recently held, the fact that plaintiff "improperly requested an injunction that could only be enforced against an absent third party" was irrelevant to Rule 19, because the court could "craft meaningful relief" by awarding damages against the defendant. *Doe v. Exxon Mobil Corp.*, 69 F. Supp. 3d 75, 100-01 (D.D.C. 2014) (internal quotation omitted); *see* Fed. R. Civ. P. 19(b)(2) (court must consider extent to which any prejudice can be lessened by shaping the relief); *see also* Compl. ¶ 345 ("[I]f injunctive relief is determined to be impracticable or otherwise denied, Plaintiffs seek a damages remedy in lieu of an injunction.").

The IFC argues for the first time that the plant owners' interests will be affected because the Court may need to interpret the contract. *Compare* Reply at 21, *with* MTD at 33-34. *Exxon* rejected that same argument, because it does not overcome the rule that joint tortfeasors are not necessary parties. 69 F. Supp. 3d at 101.[7]

## CONCLUSION

For the foregoing reasons, and the reasons laid out in Plaintiffs' Opposition, Defendant's Motion to Dismiss should be denied.

Dated: November 10, 2015

/s/ Richard L. Herz
Richard L. Herz (*pro hac vice*)
Marco Simons (D.C. Bar No. 492713)
Jonathan Kaufman (D.C. Bar. No. 996080)
Michelle Harrison (D.C. Bar No. 1026592)
EARTHRIGHTS INTERNATIONAL
1612 K St. NW Suite 401
Washington, DC 20009
Phone: (202) 466-5188
Fax: (202) 466-5189
rick@earthrights.org
*Counsel for Budha Ismail Jam*, et al.

---

[7] The IFC cites *Two Shields v. Wilkinson*, Reply at 21, but that case held that "[t]he potentially far reaching effects of any decision absent *governmental* participation show *how different the interests of the United States are from those of a typical third party* which claims no interest beyond contesting allegations about its own improper conduct." 790 F.3d 791, 796-97 (8th Cir. 2015) (emphasis added).