**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| BUDHA ISMAIL JAM, *et al.*, | ) ) ) | |
| *Plaintiffs*, | ) ) | |
| *v.* | ) ) | Civil Action No. 1:15-CV-00612-JDB |
| INTERNATIONAL FINANCE CORPORATION, | ) ) ) ) | |
| *Defendant.* | ) ) | |

**DEFENDANT INTERNATIONAL FINANCE
CORPORATION'S MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION TO DISREGARD NEW ARGUMENTS
DEFENDANT IMPERMISSIBLY RAISED FOR THE FIRST TIME
<u>ON REPLY OR, IN THE ALTERNATIVE, FOR LEAVE TO RESPOND</u>**

**WHITE & CASE** LLP

Francis A. Vasquez, Jr. (D.C. Bar No. 442161)
Dana E. Foster (D.C. Bar No. 489007)
701 Thirteenth Street, N.W.
Washington, D.C. 20005
(202) 626-3600

*Counsel for International Finance Corporation*

December 1, 2015

IFC respectfully submits this opposition to Plaintiffs' Motion to Disregard New Arguments Defendant Impermissibly Raised for the First Time on Reply or, in the Alternative, for Leave to Respond ("Surreply Motion"). Rule 7 of the Rules of the District Court for the District of Columbia contemplates, at most, three memoranda — movant's opening, non-movant's opposition, and movant's reply — for each motion, and each side in this action has had a fair opportunity to make their arguments under that rule and under Rules 12 and 19 of the Federal Rules of Civil Procedure. Plaintiffs' proposed surreply is simply a bald attempt to bolster the same arguments made in Plaintiffs' Opposition and for Plaintiffs to have the last word. Because (i) IFC's Reply Memorandum of Law in Further Support of its Motion to Dismiss ("Reply"), included no new arguments, and (ii) the proposed surreply would be futile, this Court should deny the Surreply Motion, consider IFC's Reply in its entirety, and refuse to consider the proposed surreply.

## BACKGROUND

On July 1, 2015, IFC submitted its Motion to Dismiss the Complaint under Rules 12 and 19 of the Federal Rules of Civil Procedure. Dkt. No. 10. With it, IFC submitted a 41-page Memorandum of Law ("Mem.") (Dkt. No. 10-1), in which IFC advanced four grounds upon which Plaintiffs' complaint should be dismissed in its entirety: (1) this Court lacks subject-matter jurisdiction over Plaintiffs' claims because IFC enjoys absolute immunity from suit (Mem. 7-19); (2) Indian courts are an available and superior forum for this suit under the doctrine of *forum non conveniens* (Mem. 20-28); (3) Plaintiffs have failed to join several necessary parties under Rule 19 (Mem. 29-34); and (4) Plaintiffs have failed to state claims upon which relief can be granted under Rule 12(b)(6) (Mem. 34-40).

1

IFC also submitted over 630 pages of declarations and exhibits, including (i) a 23-page sworn affidavit from Indian-law practitioner Cyril Shroff (Dkt. No. 13-1), (ii) a four-page sworn declaration from Karim Suratgar (Dkt. No. 10-4), and (iii) a 14-page sworn declaration from Fady M. Zeidan (Dkt. No. 10-7), which included the Articles of Agreement, CAO reference materials, and the entire history of the CAO's consideration of Plaintiffs' complaint regarding the environmental impact of industrial development in Gujarat, India, including the construction and operation of the Tata Mundra plant.

Mr. Shroff offered his opinion on the competency of Indian courts, the scope of their jurisdiction as it related to Plaintiffs' claims, and the state of Indian law on vicarious liability, negligence, nuisance, and trespass. Shroff Aff. ¶¶ 20-67. Mr. Suratgar explained that Plaintiffs have no rights as third parties under the IFC Loan Agreement. Suratgar Decl. ¶¶ 6-17. Mr. Zeidan described both the formation and operation of the CAO and the history of Plaintiffs' complaint to the CAO. Zeidan Decl. ¶¶ 9-76.

Prior to IFC filing its Motion to Dismiss, Plaintiffs negotiated a 72-day period within which to file their Opposition. Stipulation & Proposed Order, Dkt. No. 6. Plaintiffs then requested that that period be extended by a week. Consent Mot. Extension of Time, Dkt. No. 20.

On September 18, 2015, Plaintiffs filed a 45-page Opposition ("Opp.") (Dkt. No. 22). Although Plaintiffs made the strategic decision not to respond to all of IFC's arguments (*see, e.g.*, Opp. 34 (refusing to "respond fully" to certain arguments)), Plaintiffs purported to respond in some manner to each of the grounds upon which IFC argued that their complaint should be dismissed. Opp. 14-33 (arguing that IFC's immunity is either limited or waived); Opp. 33-35 (arguing that Indian courts are unavailable); Opp. 35-37 (arguing that there are no indispensable parties under Rule 19); Opp. 37-45 (arguing that they have adequately pleaded their claims).

Plaintiffs submitted *over 2000 pages* of declarations and exhibits with their Opposition. In direct response to Mr. Shroff's Affidavit, Plaintiffs offered the opinions of two Indian-law declarants.  Dutta Decl., Dkt. No. 22-2; Rai Decl., Dkt. No. 22-9.  Mr. Dutta submitted a six-page declaration which cited to 170 pages of Indian law authorities.  Dutta Decl.; Herz Decl. Ex. 13, Dkt. No. 22-7 (attaching cases cited by Mr. Dutta).  The purpose of Mr. Dutta's Declaration was "to provide information with regard to the viability of India as a forum for adjudication of Plaintiff's [sic] claims, and specifically, the National Green Tribunal."  Dutta Decl. ¶ 5.  Mr. Rai submitted a 20-page declaration which attached 535 pages of Indian law authorities.  Rai Decl. & Exs. 1-38, Dkt. Nos. 22-9, 22-10.  The purpose of Mr. Rai's Declaration was "to set out the Indian law position in respect of claims founded on the torts of negligence, nuisance (public and private) and trespass."  Rai Decl. ¶ 4.  Each of these declarants reviewed and responded to Mr. Shroff's Affidavit.  *See, e.g.*, Dutta Decl. ¶¶ 4, 6; Rai Decl. ¶¶ 5, 12, 38, 51.

In direct response to Mr. Zeidan's Declaration, Plaintiffs offered five separate declarations regarding the operation of the CAO.  Bird Decl., Dkt. No. 22-1; Fields Decl., Dkt. No. 22-3 (with attachments); Genovese Decl., Dkt. No. 22-4 (with attachments); Hunter Decl., Dkt. No. 22-8; Watters Decl., Dkt. No. 22-11.  In all, these declarations totaled 140 pages of materials.

Counsel for Plaintiffs also submitted his own declaration which attached 481 pages of different iterations of certain IFC environmental and sustainability policies and other materials. Herz Decl. & Exs. 1-12, Dkt. Nos. 22-5, 22-6, 22-7.

On October 16, 2015, IFC submitted its Reply (Dkt. No. 23).  In it, IFC further supported each of the arguments set forth in its Memorandum of Law and responded to each of Plaintiffs' arguments set forth in their Opposition.  Reply 1-15 (arguing that the IOIA, *Mendaro*, and

3

*Atkinson* govern this Court's analysis of IFC's immunity and that IFC has not waived (and would not waive) any such immunity); Reply 15-19 (arguing that the doctrine of *forum non conveniens* requires that this Court dismiss the complaint in its entirety); Reply 19-21 (arguing that Rule 19 mandates dismissal); Reply 22-25 (arguing that Plaintiffs' claims are hopelessly defective under Rule 12(b)(6)). IFC also submitted the sworn Reply Affidavit of Cyril Shroff (Dkt. No. 23-1), in which he commented on the cases cited by Plaintiffs' declarants and reiterated his opinion that Indian courts were an available forum for the adjudication of Plaintiffs' claims.

Each of the arguments in the Reply and opinions in the Reply Affidavit either reinforced arguments made in IFC's Memorandum of Law, responded directly to arguments raised by Plaintiffs in their Opposition, or both.

## ARGUMENT

The Surreply Motion should be denied because the parties have each had a fair opportunity to present its arguments to the Court. As this Court has often repeated, "sur-replies are generally disfavored." *DL v. District of Columbia*, No. 1:05-cv-1437 (RCL), 2015 WL 3630688, at *16 (D.D.C. June 10, 2015); *Banner Health v. Sebelius*, 905 F. Supp. 2d 174, 187 (D.D.C. 2012) (same); *Crummey v. Soc. Sec. Admin.*, 794 F. Supp. 2d 46, 62 (D.D.C. 2011) (same). Although the determination as to whether to grant leave to file a surreply is within the Court's sound discretion, courts consider three factors: (1) whether the movant's reply raises arguments or issues for the first time; (2) whether the proposed surreply would help the court decide the pending motion; and (3) whether the proposed surreply would unduly prejudice the moving party. *See Banner Health*, 905 F. Supp. 2d at 174. Because IFC raised no new arguments in its Reply and Plaintiffs' proposed surreply would be futile, this Court should deny

the Surreply Motion.  IFC would also be prejudiced because, as the moving party, it was entitled to the last word in the form of its reply memorandum.  *See* L. Civ. R. 7.

## I. IFC'S REPLY INCLUDED NO NEW ARGUMENTS

This Court should deny the Surreply Motion because IFC raised no new arguments in its Reply.  Rather, each argument was raised originally in either the Memorandum of Law or in the Opposition, or in both.

To merit a surreply, an issue discussed in the movant's reply "must truly be new." *Bigwood v. United States Dep't of Defense*, No. 1:11-cv-0602 (KBJ), 2015 WL 5675769, at *21 (D.D.C. Sept. 25, 2015) (quoting *U.S. ex rel. Pogue v. Diabetes Treatment Ctrs.*, 238 F. Supp. 2d 270, 77 (D.D.C. 2002)).  That is, absent another pleading, the opposing party would be "deprived of the opportunity to contest matters raised for the first time in the movant's reply."  *Crummey*, 794 F. Supp. 2d at 62.  As a general matter, an issue that it is neither "novel nor unexpected" is not truly new.  *Bigwood*, 2015 WL 5675769, at *21; *accord Pogue*, 238 F. Supp. 2d at 276-77 (denying leave to file a surreply because the nonmoving party's "filings indicate intimate familiarity with th[e] litigation" and the decades-old law at issue was "not new matter").  "As Courts consistently observe, when arguments raised for the first time in reply fall 'within the scope of the matters [the opposing party] raised in opposition,' and the reply 'does not expand the scope of the issues presented, leave to file a surreply will rarely be appropriate.'" *Banner Health*, 905 F. Supp. 2d at 188 (alteration in original) (quoting *Crummey*, 794 F. Supp. 2d at 63); *see also Pogue*, 238 F. Supp. 2d at 277 (finding that "[a] surreply is most appropriate where the new matter introduced is factual").

Plaintiffs identify three allegedly "new" arguments in the Reply.  However, none of them is actually new.  Therefore, this Court should deny the Surreply Motion.

5

*First*, Plaintiffs claim that IFC raised a new argument regarding the propriety of India as an available forum.  Surreply Mot. 2-3.  In fact, this is well-plowed ground.  In its Memorandum of Law, IFC detailed why India was an available and appropriate forum.  Mem. 20-28.  IFC also attached an affidavit from Cyril Shroff, who explained, among other things, that Indian courts "possess[] jurisdiction over the whole controversy."  Shroff Aff. ¶ 20.  Plaintiffs had two-and-a-half months to respond to Mr. Shroff's Affidavit.  When they did, Plaintiffs argued that Mr. Shroff's Affidavit was insufficient to demonstrate that India would possess jurisdiction over this case and argued that IFC is required to "stipulate[]" to jurisdiction to prove that India is an available forum.  Opp. 33.  IFC responded *directly to Plaintiffs' argument* and explained that "IFC need not 'stipulate' to jurisdiction when Indian law allows IFC to be subject to suit in India; instead, it is the law of the forum that renders a party amenable to jurisdiction, not the consent of the party."  Reply 16 (citing *Kamel v. Hill-Rom Co.*, 108 F.3d 799, 803 (7th Cir. 1997)).

Plaintiffs' claim that IFC introduced a "new" argument regarding the International Finance Corporation (Status, Immunities and Privileges) Act, 1958 ("IFC Act") is unfounded.  IFC raised this Indian statute — a public law as equally available to Plaintiffs and their two Indian-law declarants as to IFC — in direct response to Plaintiffs' assertions in their Opposition that IFC must "stipulate" to the jurisdiction of Indian courts.  Reply 16; Opp. 33.  IFC was firmly "within the scope of the matters [Plaintiffs] raised in opposition" when it cited and discussed the IFC Act; therefore, a surreply would not be appropriate.  *Crummey*, 794 F. Supp. 2d at 63; *see also Pogue*, 238 F. Supp. 2d at 276-77 (expressing doubt "that the existence of statutory or case law can ever be 'new matter'").

Plaintiffs' authorities, *Doe v. Exxon Mobil Corp.*, 69 F. Supp. 3d 75 (D.D.C. 2014), and *Wultz v. Islamic Republic of Iran*, 755 F. Supp. 2d 1 (D.D.C. 2010), do not help them. Plaintiffs cite these cases for the proposition that they are entitled to a surreply because IFC submitted a declaration with its reply. Surreply Mot. 2. But these cases do not support any such blanket rule. *Wultz* did not even address the propriety of surreplies. And *Exxon Mobil* stands for the unremarkable proposition that a reply declaration warrants a response when it is used to introduce "truly new" matter. 69 F. Supp. 3d at 85 (citing *Flanagan v. Wyndham Int'l Inc.*, 231 F.R.D. 98, 101 (D.D.C. 2005) ("Were this Court to deny . . . leave to file a sur-reply, the [defendants] would be unable to contest matters presented to the court for the first time in the form of S.G.'s supplemental declaration.")); *accord Crummey*, 794 F. Supp. 2d at 62-63 (denying motion for surreply even though defendant submitted declaration with reply). Mr. Shroff's Reply Affidavit offers no "truly new" matters regarding India's jurisdiction over Plaintiffs' claims; instead, it simply addresses an issue Plaintiffs themselves raised, i.e., whether IFC has proven that India's courts would have jurisdiction and would provide an available forum. Shroff Reply Aff. ¶¶ 56-60; Opp. 33. And, in fact, Plaintiffs offered their own Indian-law declarant (Mr. Dutta) the opportunity to respond to Mr. Shroff's assertion that India is an available forum. Mr. Dutta submitted a six-page declaration, cited to 170 pages of Indian legal authority, and then explicitly took "no position" on the matter. Dutta Decl. ¶ 6; Herz Decl. Ex. 13. Plaintiffs cannot credibly argue that this is new material to which they had no opportunity to respond.

*Second*, IFC made no "new" argument in support of its Rule 19 motion. In its Memorandum of Law, IFC argued that this Court cannot accord complete relief without the plant owner/operator and Adani. Mem. 29 ("the coal-fired power plants operated by CGPL and Adani

7

were the source of all the alleged pollution which purportedly has injured Plaintiffs"). In its Opposition, Plaintiffs labeled the plant owner/operator and Adani "joint tortfeasors" and argued that, as such, they are not "necessary." Opp. 35-36. IFC responded specifically to Plaintiffs' "joint tortfeasor" argument and explained that, rather than there being a blanket rule that joint tortfeasors are never indispensable under Rule 19, the *owners* of the alleged nuisance are indispensable here because of the specific relief that Plaintiffs seek. Reply 20.

This argument is not new. As in *Banner Health*, Plaintiffs "cannot credibly dispute that these . . . arguments were raised . . . in [the] opening memorandum, and that Plaintiffs responded only indirectly thereto, distinguishing the authorities cited by the [defendant] as inapposite to the instant case yet failing to rebut the [defendant]'s legal conclusions." 905 F. Supp. 2d at 188.

*Finally*, IFC's argument that this Court should analyze the "corresponding benefit" of any alleged waiver of immunity to Plaintiffs' claims against IFC's *chartered objectives* is not new. In its Memorandum of Law, IFC explained that this Court must look to IFC's Articles of Agreement to determine whether IFC would receive any "corresponding benefit" from any alleged waiver of immunity to Plaintiffs' claims. Mem. 9-16. In response, Plaintiffs argued that this Court should look *beyond* IFC's Articles of Agreement to IFC's publication of policies on environmental and social sustainability to find the "corresponding benefit." Opp. 22-33; Herz Decl. Exs. 2-8. So, it was in response to *Plaintiffs' own argument* that IFC explained that the policies *cited by Plaintiffs* do not satisfy the "corresponding benefit" test as set forth in *Mendaro v. World Bank*, 717 F.2d 610 (D.C. Cir. 1983), and *Atkinson v. Inter-American Development Bank*, 156 F.3d 1335 (D.C. Cir. 1998). Reply 14-15. Because this argument was made in direct response to the Plaintiffs' argument in their Opposition, a surreply is inappropriate. *See Bigwood*, 2015 WL 5675769, at *21 (finding that a surreply was unwarranted when an argument

included in the reply was a direct response to a matter raised by the plaintiff in its opposition); *see also Marbury Law Grp., PLLC v. Carl*, 729 F. Supp. 2d 78, 82 (D.D.C. 2010) ("[A] surreply is limited to addressing only new arguments raised for the first time by the opposing party in their reply briefing and not included in the original motion.").

Because IFC's Reply included no new arguments, this Court should deny the Surreply Motion.

## II.   GRANTING PLAINTIFFS LEAVE TO FILE A SURREPLY WOULD BE FUTILE

Because each of the arguments offered by Plaintiffs in their proposed surreply is futile, this Court should deny the Surreply Motion.  Whereas leave to file a surreply is granted when it would be helpful to the court, a surreply that repeats or bolsters arguments made in the opposition memorandum is not appropriate.  *See Bigwood*, 2015 WL 5675769, at *21 (finding that the proposed surreply "improperly attempts to bolster arguments already made in [plaintiff's] opposition brief").  "Simply put, a surreply is not a vehicle for rehashing arguments that have already been raised and briefed by the parties.  Were that not true, briefing would become an endless pursuit." *Crummey*, 794 F. Supp. 2d at 63.  Because Plaintiffs' proposed surreply simply bolsters their Opposition, this Court's consideration of it would be futile.

***First***, Plaintiffs' proposed surreply would not help this Court decide IFC's *forum-non-conveniens* argument.  Plaintiffs seek leave to respond to Mr. Shroff's Reply Affidavit (Mot. 3); however, rather than respond to the Reply Affidavit and Mr. Shroff's certainty that the NGT has jurisdiction over Plaintiffs' claims, Plaintiffs argue that Indian courts are unavailable because they *may* at some *later* time interpret the law differently.  *See* Surreply 3.  The crux of Plaintiffs' argument ignores the current status of both U.S. and Indian law on the subject of jurisdiction; instead, it asks this Court to consider what Indian courts might theoretically do in the future. *See* Surreply 4 (arguing that "nothing prevents [IFC] from benefitting from any jurisdictional bar an

9

Indian court might find on its own"). Mr. Shroff's affidavits remain unrebutted on the *current* status of Indian law.

The remainder of Plaintiffs' proposed surreply attempts to bolster their Opposition by discussing matters that Plaintiffs do not even argue are "new." *See* Surreply 4 n.3 (arguing Plaintiffs' Indian-law declarant did not concede that India has jurisdiction); *id.* at 4 n.4 (attempting to distinguish IFC's cases); *id.* at 5 n.5 (arguing Plaintiffs have not conceded the public and private interest factors and disputing the location of evidence); *compare* Opp. 33 (arguing IFC has not proven it can be sued in India), *with* Surreply 4 (same).

***Second***, Plaintiffs' proposed surreply would not help this Court decide IFC's Rule 19 motion because Plaintiffs simply try to bolster the same arguments they made in their Opposition. *Compare* Opp. 36 n.4 (arguing the Court can accord complete relief because "[h]ere, Plaintiffs are holding the IFC liable for the *IFC*'s conduct" and a contract remedy can be enforced "without the absent party" (emphasis in original)), *with* Surreply 7 ("The injunction Plaintiffs seek would not require the IFC to abate the nuisance; it would require them to enforce their own contract."); *compare also* Opp. 37 ("The IFC's lax proposed standard would apply to every joint tortfeasor and conflicts with the well-accepted principle that a plaintiff need not join every joint tortfeasor."), *with* Surreply 8 (rejecting "the same argument, because it does not overcome the rule that joint tortfeasors are not necessary parties").

***Finally***, Plaintiffs' proposed surreply would not help this Court decide IFC's "corresponding benefit" argument because Plaintiffs simply repeat their refrain from the Opposition (at 25) that IFC's environmental and social policies are important. *See* Surreply 6 (citing (again) to their Opposition and documents attached to Mr. Herz's Declaration). Because Plaintiffs' repeated arguments about IFC's policies offer nothing that Plaintiffs did not already

state in their Opposition, the proposed surreply is futile. *See Bigwood*, 2015 WL 5675769, at *21.

## CONCLUSION

Each of the arguments Plaintiffs decry as "new" was originally presented in IFC's Memorandum of Law or in Plaintiffs' Opposition. Plaintiffs' proposed surreply would be both inappropriate and futile, and this Court's consideration of it would prejudice IFC as it would deprive IFC of the last word. The materials submitted with the parties' three permitted submissions are voluminous. This Court does not need another brief. For these reasons, this Court should deny Plaintiffs' Surreply Motion, consider IFC's Reply in its entirety, and refuse to consider the proposed surreply.

Dated: December 1, 2015                          Respectfully submitted,

/s/ Dana E. Foster
Francis A. Vasquez, Jr. (D.C. Bar No. 442161)
Dana E. Foster (D.C. Bar No. 489007)
701 Thirteenth Street, N.W.
Washington, D.C. 20005
Phone: (202) 626-3600
Facsimile: (202) 639-9355
fvasquez@whitecase.com

*Counsel for International Finance Corporation*