APPEAL,CLOSED,JURY,TYPE−E

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:15−cv−00612−JDB</u>

JAM et al v. INTERNATIONAL FINANCE CORPORATION
Assigned to: Judge John D. Bates
Cause: 28:1332 Diversity−Property Damage

Date Filed: 04/23/2015
Date Terminated: 03/24/2016
Jury Demand: Plaintiff
Nature of Suit: 240 Torts to Land
Jurisdiction: Diversity

**<u>Plaintiff</u>**

**BUDHA ISMAIL JAM**

represented by **Jonathan Gaynor Kaufman**
EARTHRIGHTS INTERNATIONAL
1612 K Street, NW
Suite 401
Washington, DC 20006
(202) 466−5188 x 113
Fax: (202) 466−5189
Email: <u>jonathan@earthrights.org</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marco Simons**
EARTHRIGHTS INTERNATIONAL
1612 K Street, NW
Suite 401
Washington, DC 20006
(202) 466−5188 x 103
Fax: (202) 466−5189
Email: <u>marco@earthrights.org</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle C. Harrison**
EARTHRIGHTS INTERNATIONAL
1612 K Street, NW
Suite 401
Washington, DC 20006
(202) 466−5188 ext 110
Fax: (202) 466−5189
Email: <u>michelle@earthrights.org</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard Lawrence Herz**
EARTHRIGHTS INTERNATIONAL
1612 K Street, NW
Suite 401
Washington, DC 20006

202−466−5188
Fax: 202−466−5189
Email: rick@earthrights.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**KASHUBHAI ABHRAMBHAI**
**MAHJALIA**

represented by   **Jonathan Gaynor Kaufman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marco Simons**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle C. Harrison**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard Lawrence Herz**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**SIDIK KASAM JAM**

represented by   **Jonathan Gaynor Kaufman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marco Simons**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle C. Harrison**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard Lawrence Herz**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**RANUBHA JADEJA**
*On behalf of themselves and all others*

represented by   **Jonathan Gaynor Kaufman**
(See above for address)

*similar situated*

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marco Simons**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle C. Harrison**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard Lawrence Herz**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**NAVINAL PANCHAYAT**             represented by   **Jonathan Gaynor Kaufman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marco Simons**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle C. Harrison**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard Lawrence Herz**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**MACHIMAR ADHIKAR**             represented by   **Jonathan Gaynor Kaufman**
**SANGHARASH SANGATHAN**
*(MASS)*                                          (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marco Simons**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle C. Harrison**

3

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard Lawrence Herz**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

INTERNATIONAL FINANCE      represented by   **Dana Evans Foster**
CORPORATION                                WHITE & CASE LLP
                                           701 Thirteenth Street, NW
                                           Washington, DC 20005
                                           (202) 626−3600
                                           Fax: (202) 639−9355
                                           Email: defoster@whitecase.com
                                           *LEAD ATTORNEY*
                                           *ATTORNEY TO BE NOTICED*

                                           **Francis A. Vasquez , Jr.**
                                           WHITE & CASE LLP
                                           701 Thirteenth Street, NW
                                           Washington, DC 20005
                                           (202) 626−3603
                                           Fax: (202) 639−9355
                                           Email: fvasquez@whitecase.com
                                           *LEAD ATTORNEY*
                                           *ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 04/23/2015 | 1 | | COMPLAINT *Class Action against INTERNATIONAL FINANCE CORPORATION with Jury Demand ( Filing fee $ 400 receipt number 0090−4067849) filed by Machimar Adhikar Sangharash Sangathan, Budha Ismail Jam, Ranubha Jadeja, Sidik Kasam Jam, Kashubhai Abhrambhai Manjalia, Navinal Panchayat. (Attachments: # 1 Corporate Disclosure Certificate, # 2 Civil Cover Sheet, # 3 Summons)(Kaufman, Jonathan) (Entered: 04/23/2015)* |
| 04/23/2015 | 2 | | Corporate Disclosure Statement by RANUBHA JADEJA, BUDHA ISMAIL JAM, SIDIK KASAM JAM, KASHUBHAI ABHRAMBHAI MAHJALIA, NAVINAL PANCHAYAT, MACHIMAR ADHIKAR SANGHARASH SANGATHAN. (Kaufman, Jonathan) (Entered: 04/23/2015) |
| 04/23/2015 | 3 | | CIVIL COVER SHEET by MACHIMAR ADHIKAR SANGHARASH SANGATHAN, BUDHA ISMAIL JAM, RANUBHA JADEJA, SIDIK KASAM JAM, KASHUBHAI ABHRAMBHAI MAHJALIA, NAVINAL PANCHAYAT filed by MACHIMAR ADHIKAR SANGHARASH |

| | | |
|---|---|---|
| | | SANGATHAN, BUDHA ISMAIL JAM, RANUBHA JADEJA, SIDIK KASAM JAM, KASHUBHAI ABHRAMBHAI MAHJALIA, NAVINAL PANCHAYAT.(Kaufman, Jonathan) (Entered: 04/23/2015) |
| 04/23/2015 | | Case Assigned to Judge John D. Bates. (sth, ) (Entered: 04/24/2015) |
| 04/29/2015 | 4 | SUMMONS (1) Issued Electronically as to INTERNATIONAL FINANCE CORPORATION. (jf, ) (Entered: 04/29/2015) |
| 06/09/2015 | 5 | NOTICE of Appearance by Francis A. Vasquez, Jr on behalf of INTERNATIONAL FINANCE CORPORATION (Vasquez, Francis) (Entered: 06/09/2015) |
| 06/09/2015 | 6 | STIPULATION *AND PROPOSED ORDER* by INTERNATIONAL FINANCE CORPORATION. (Vasquez, Francis) (Entered: 06/09/2015) |
| 06/09/2015 | 7 | NOTICE of Appearance by Dana Evans Foster on behalf of INTERNATIONAL FINANCE CORPORATION (Foster, Dana) (Entered: 06/09/2015) |
| 06/10/2015 | | MINUTE ORDER: Upon consideration of 6 the parties' stipulation and proposed order, and the entire record herein, it is hereby ORDERED that defendant's motion to dismiss shall be filed by not later than July 1, 2015; it is further ORDERED that plaintiffs' opposition shall be filed by not later than September 11, 2015; it is further ORDERED that defendant's reply shall be filed by not later than October 2, 2015; and it is further ORDERED that any motion for class certification shall be filed not more than 90 days after a decision on defendant's motion to dismiss. SO ORDERED. Signed by Judge John D. Bates on 6/10/2015. (lcjdb3) (Entered: 06/10/2015) |
| 06/12/2015 | | Set/Reset Deadlines: Dispositive Motions due by 7/1/2015. Response to Dispositive Motions due by 9/11/2015. Reply to Dispositive Motions due by 10/2/2015. (tb) (Entered: 06/12/2015) |
| 06/24/2015 | 8 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. INTERNATIONAL FINANCE CORPORATION served on 6/17/2015, answer due 7/8/2015 (Kaufman, Jonathan) (Entered: 06/24/2015) |
| 06/27/2015 | 9 | NOTICE of Appearance by Marco Simons on behalf of All Plaintiffs (Simons, Marco) (Entered: 06/27/2015) |
| 07/01/2015 | 10 | MOTION to Dismiss by INTERNATIONAL FINANCE CORPORATION (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order, # 3 Declaration of Cyril Schroff, # 4 Declaration of Karim Suratgar, # 5 Exhibit Karim Exhibit 1 (pt. 1), # 6 Exhibit Karim Exhibit 1 (pt. 2), # 7 Declaration of Fady Zeidan, # 8 Exhibit Zaidan Exhibit 1, # 9 Exhibit Zaidan Exhibit 2, # 10 Exhibit Zaidan Exhibit 3, # 11 Exhibit Zaidan Exhibit 4, # 12 Exhibit Zaidan Exhibit 5, # 13 Exhibit Zaidan Exhibit 6, # 14 Exhibit Zaidan Exhibit 7, # 15 Exhibit Zaidan Exhibit 8, # 16 Exhibit Zaidan Exhibit 9, # 17 Exhibit Zaidan Exhibit 10, # 18 Exhibit Zaidan Exhibit 11, # 19 Exhibit Zaidan Exhibit 12, # 20 Exhibit Zaidan Exhibit 13, # 21 Exhibit Zaidan Exhibit 14, # 22 Exhibit Zaidan Exhibit 15)(Vasquez, Francis) (Entered: 07/01/2015) |
| 07/01/2015 | 11 | Corporate Disclosure Statement by INTERNATIONAL FINANCE CORPORATION. (Vasquez, Francis) (Entered: 07/01/2015) |
| 07/02/2015 | 12 | |

| | | |
|---|---|---|
| | | ENTERED IN ERROR. . . . .MOTION to Amend/Correct *[10−3] Affidavit of Cyril Shroff (Notarized)* by INTERNATIONAL FINANCE CORPORATION (Vasquez, Francis) Modified on 7/6/2015 (td). (Entered: 07/02/2015) |
| 07/06/2015 | | NOTICE OF ERROR re 12 Motion to Amend/Correct; emailed to fvasquez@whitecase.com, cc'd 8 associated attorneys −− The PDF file you docketed contained errors: 1. Incorrect event used, 2. Please refile document, 3. File an Errata and then attach the correct document as an exhibit to Errata. (td, ) (Entered: 07/06/2015) |
| 07/06/2015 | 13 | ERRATA by INTERNATIONAL FINANCE CORPORATION 10 MOTION to Dismiss filed by INTERNATIONAL FINANCE CORPORATION. (Attachments: # 1 Exhibit 1 to Errata)(Vasquez, Francis) (Entered: 07/06/2015) |
| 07/10/2015 | 14 | NOTICE of Appearance by Michelle C. Harrison on behalf of RANUBHA JADEJA, BUDHA ISMAIL JAM, SIDIK KASAM JAM, KASHUBHAI ABHRAMBHAI MAHJALIA, NAVINAL PANCHAYAT, MACHIMAR ADHIKAR SANGHARASH SANGATHAN (Harrison, Michelle) (Entered: 07/10/2015) |
| 07/22/2015 | 15 | MOTION for Extension of Time to Amend 1 Complaint, by RANUBHA JADEJA, BUDHA ISMAIL JAM, SIDIK KASAM JAM, KASHUBHAI ABHRAMBHAI MAHJALIA, NAVINAL PANCHAYAT, MACHIMAR ADHIKAR SANGHARASH SANGATHAN (Attachments: # 1 Text of Proposed Order)(Simons, Marco) (Entered: 07/22/2015) |
| 08/07/2015 | 16 | Memorandum in opposition to re 15 MOTION for Extension of Time to Amend 1 Complaint, filed by INTERNATIONAL FINANCE CORPORATION. (Attachments: # 1 Declaration of Francis A. Vasquez, Jr., # 2 Text of Proposed Order)(Vasquez, Francis) (Entered: 08/07/2015) |
| 08/12/2015 | 17 | REPLY to opposition to motion re 15 MOTION for Extension of Time to Amend 1 Complaint, filed by RANUBHA JADEJA, BUDHA ISMAIL JAM, SIDIK KASAM JAM, KASHUBHAI ABHRAMBHAI MAHJALIA, NAVINAL PANCHAYAT, MACHIMAR ADHIKAR SANGHARASH SANGATHAN. (Harrison, Michelle) (Entered: 08/12/2015) |
| 08/14/2015 | 18 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Richard L. Herz, :Firm− EarthRights International, :Address− 123 Richmond Lane, West Hartford, CT 06117. Phone No. − 860−233−4938. Filing fee $ 100, receipt number 0090−4210437. Fee Status: Fee Paid. by RANUBHA JADEJA, BUDHA ISMAIL JAM, SIDIK KASAM JAM, KASHUBHAI ABHRAMBHAI MAHJALIA, NAVINAL PANCHAYAT, MACHIMAR ADHIKAR SANGHARASH SANGATHAN (Attachments: # 1 Declaration of Richard L. Herz, # 2 Text of Proposed Order)(Harrison, Michelle) (Entered: 08/14/2015) |
| 08/14/2015 | | MINUTE ORDER: Upon consideration of 18 plaintiffs' motion for leave for Richard L. Herz to appear pro hac vice, and the entire record herein, it is hereby ORDERED that the motion is GRANTED; and it is further ORDERED that Richard L. Herz is admitted to practice pro hac vice in this case on behalf of plaintiffs. SO ORDERED. Signed by Judge John D. Bates on 8/14/15. (lcjdb3) (Entered: 08/14/2015) |
| 08/14/2015 | 19 | ORDER denying 15 plaintiffs' motion for an extension of time to amend complaint. See text of Order for details. Signed by Judge John D. Bates on |

| | | | |
|---|---|---|---|
| | | | 8/14/15. (lcjdb3) (Entered: 08/14/2015) |
| 09/08/2015 | 20 | | Consent MOTION for Extension of Time to File Response/Reply *Stipulated* by RANUBHA JADEJA, BUDHA ISMAIL JAM, SIDIK KASAM JAM, KASHUBHAI ABHRAMBHAI MAHJALIA, NAVINAL PANCHAYAT, MACHIMAR ADHIKAR SANGHARASH SANGATHAN (Herz, Richard) (Entered: 09/08/2015) |
| 09/08/2015 | | | MINUTE ORDER: Upon consideration of 20 plaintiffs' consent motion for an extension of time, and the entire record herein, it is hereby ORDERED that the motion is GRANTED; and it is further ORDERED that the briefing schedule is amended as follows: plaintiffs' opposition shall be filed by not later than September 18, 2015, and defendant's reply shall be filed by not later than October 16, 2015. SO ORDERED. Signed by Judge John D. Bates on 9/8/15. (lcjdb3) (Entered: 09/08/2015) |
| 09/10/2015 | | | Set/Reset Deadlines: Response due by 9/18/2015. Reply due by 10/16/2015. (tb) (Entered: 09/10/2015) |
| 09/10/2015 | 21 | | NOTICE of Appearance by Richard Lawrence Herz on behalf of All Plaintiffs (Herz, Richard) (Entered: 09/10/2015) |
| 09/18/2015 | 22 | | Memorandum in opposition to re 10 MOTION to Dismiss filed by RANUBHA JADEJA, BUDHA ISMAIL JAM, SIDIK KASAM JAM, KASHUBHAI ABHRAMBHAI MAHJALIA, NAVINAL PANCHAYAT, MACHIMAR ADHIKAR SANGHARASH SANGATHAN. (Attachments: # 1 Declaration Juliana Bird Declaration, # 2 Declaration Ritwick Dutta Declaration, # 3 Declaration Natalie Fields Declaration, # 4 Declaration Kristen Genovese Declaration, # 5 Declaration Richard Herz Declaration Part 1, # 6 Declaration Richard Herz Declaration PArt 2, # 7 Declaration Richard Herz Declaration Part 3, # 8 Declaration David Hunter Declaration, # 9 Declaration Ritin Rai Declaration Part 1, # 10 Declaration Ritin Rai Declaration Part 2, # 11 Declaration Kate Watters Declaration, # 12 Text of Proposed Order)(Herz, Richard) (Entered: 09/18/2015) |
| 10/16/2015 | 23 | | REPLY to opposition to motion re 10 MOTION to Dismiss filed by INTERNATIONAL FINANCE CORPORATION. (Attachments: # 1 Declaration of Cyril Shroff, # 2 Declaration of Karim Suratgar, # 3 Declaration of Dana Foster, # 4 Exhibit 1, # 5 Exhibit 2, # 6 Exhibit 3, # 7 Exhibit 4, # 8 Exhibit 5, # 9 Exhibit 6, # 10 Exhibit 7, # 11 Exhibit 8, # 12 Exhibit 9, # 13 Exhibit 10, # 14 Exhibit 11, # 15 Exhibit 12, # 16 Exhibit 13, # 17 Exhibit 14, # 18 Exhibit 15, # 19 Exhibit 16, # 20 Exhibit 17, # 21 Exhibit 18, # 22 Exhibit 19, # 23 Exhibit 20, # 24 Exhibit 21, # 25 Exhibit 22, # 26 Exhibit 23, # 27 Exhibit 24, # 28 Exhibit 25, # 29 Exhibit 26, # 30 Exhibit 27, # 31 Exhibit 28, # 32 Exhibit 29, # 33 Exhibit 30, # 34 Exhibit 31, # 35 Exhibit 32, # 36 Exhibit 33, # 37 Exhibit 34)(Vasquez, Francis) (Entered: 10/16/2015) |
| 11/10/2015 | 24 | | NOTICE *of Corrected Declaration of Ritin Rai* by RANUBHA JADEJA, BUDHA ISMAIL JAM, SIDIK KASAM JAM, KASHUBHAI ABHRAMBHAI MAHJALIA, NAVINAL PANCHAYAT, MACHIMAR ADHIKAR SANGHARASH SANGATHAN re 22 Memorandum in Opposition,,, (Attachments: # 1 Corrected Declaration)(Herz, Richard) (Entered: 11/10/2015) |
| 11/10/2015 | 25 | | ENTERED IN ERROR. . . . .SURREPLY to re 23 Reply to opposition to Motion,,, *Motion to Disregard New Arguments or, in the Alternative, to File a* |

| | | |
|---|---|---|
| | | *Response* filed by RANUBHA JADEJA, BUDHA ISMAIL JAM, SIDIK KASAM JAM, KASHUBHAI ABHRAMBHAI MAHJALIA, NAVINAL PANCHAYAT, MACHIMAR ADHIKAR SANGHARASH SANGATHAN. (Attachments: # 1 Response to new arguments impermissibly raised on reply, # 2 proposed order)(Herz, Richard) Modified on 11/12/2015 (td). (Entered: 11/10/2015) |
| 11/11/2015 | 26 | Consent MOTION for Extension of Time to File Response/Reply *re 25 Plaintiffs' Motion to Disregard New Arguments or, in the Alternative, to File a Response* by INTERNATIONAL FINANCE CORPORATION (Foster, Dana) Modified on 11/12/2015 (td). Modified on 11/13/2015 (td). (Entered: 11/11/2015) |
| 11/12/2015 | | NOTICE OF ERROR re 25 Surreply; emailed to rick@earthrights.org, cc'd 9 associated attorneys — The PDF file you docketed contained errors: 1. Incorrect event used, 2. Please refile document, 3. Document should be refiled as a Motion. (td, ) (Entered: 11/12/2015) |
| 11/12/2015 | | PER CHAMBERS, DISREGARD THIS NOTICE OF ERROR re 26 Motion for Extension of Time to File Response/Reply; emailed to defoster@whitecase.com, cc'd 9 associated attorneys — The PDF file you docketed contained errors: 1. Incorrect event used, 2. Please refile document, 3. Should either be attached to Motion or filed as a Notice of Filing of Proposed Order. (td, ) Modified on 11/13/2015 (td). (Entered: 11/12/2015) |
| 11/13/2015 | 27 | MOTION for Order *TO DISREGARD NEW ARGUMENTS DEFENDANT IMPERMISSIBLY RAISED FOR THE FIRST TIME ON REPLY OR, IN THE ALTERNATIVE, FOR LEAVE TO RESPOND* by RANUBHA JADEJA, BUDHA ISMAIL JAM, SIDIK KASAM JAM, KASHUBHAI ABHRAMBHAI MAHJALIA, NAVINAL PANCHAYAT, MACHIMAR ADHIKAR SANGHARASH SANGATHAN (Attachments: # 1 Response to new arguments impermissibly raised on reply, # 2 Text of Proposed Order)(Herz, Richard) (Entered: 11/13/2015) |
| 11/13/2015 | | MINUTE ORDER: Upon consideration of 26 defendant's consent motion for an extension of time, and the entire record herein, it is hereby ORDERED that the motion is GRANTED; it is further ORDERED that defendant shall file its response to plaintiffs' motion to disregard newly raised arguments or for leave to file a surreply by not later than December 1, 2015; and it is further ORDERED that plaintiffs shall file any reply by not later than December 11, 2015. SO ORDERED. Signed by Judge John D. Bates on 11/13/15. (lcjdb3) (Entered: 11/13/2015) |
| 11/13/2015 | | Set/Reset Deadlines: Response due by 12/1/2015. Reply due by 12/11/2015. (tb) (Entered: 11/13/2015) |
| 12/01/2015 | 28 | Memorandum in opposition to re 27 MOTION for Order *TO DISREGARD NEW ARGUMENTS DEFENDANT IMPERMISSIBLY RAISED FOR THE FIRST TIME ON REPLY OR, IN THE ALTERNATIVE, FOR LEAVE TO RESPOND* filed by INTERNATIONAL FINANCE CORPORATION. (Attachments: # 1 Text of Proposed Order)(Foster, Dana) (Entered: 12/01/2015) |
| 12/11/2015 | 29 | REPLY to opposition to motion re 27 MOTION for Order *TO DISREGARD NEW ARGUMENTS DEFENDANT IMPERMISSIBLY RAISED FOR THE FIRST TIME ON REPLY OR, IN THE ALTERNATIVE, FOR LEAVE TO* |

| | | | |
|---|---|---|---|
| | | | *RESPOND* filed by RANUBHA JADEJA, BUDHA ISMAIL JAM, SIDIK KASAM JAM, KASHUBHAI ABHRAMBHAI MAHJALIA, NAVINAL PANCHAYAT, MACHIMAR ADHIKAR SANGHARASH SANGATHAN. (Herz, Richard) (Entered: 12/11/2015) |
| 03/24/2016 | 30 | 24 | ORDER granting 10 defendant's motion to dismiss, denying as moot 27 plaintiffs' motion to disregard new arguments raised for the first time on reply, and dismissing this case in its entirety. See text of Order and accompanying Memorandum Opinion for details. Signed by Judge John D. Bates on 3/24/16. (lcjdb3) (Entered: 03/24/2016) |
| 03/24/2016 | 31 | 11 | MEMORANDUM OPINION. See text for details. Signed by Judge John D. Bates on 3/24/16. (lcjdb3) (Entered: 03/24/2016) |
| 04/14/2016 | 32 | 10 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 30 Order on Motion to Dismiss, by RANUBHA JADEJA, BUDHA ISMAIL JAM, SIDIK KASAM JAM, KASHUBHAI ABHRAMBHAI MAHJALIA, NAVINAL PANCHAYAT, MACHIMAR ADHIKAR SANGHARASH SANGATHAN. Filing fee $ 505, receipt number 0090−4486243. Fee Status: Fee Paid. Parties have been notified. (Harrison, Michelle) (Entered: 04/14/2016) |

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BUDHA ISMAIL JAM, *et al.*, | |
| Plaintiffs, | |
| vs. | Civil Action No. 15-cv-00612 (JDB) |
| INTERNATIONAL FINANCE CORPORATION, | |
| Defendant. | |

## NOTICE OF APPEAL

Notice is hereby given this 14th day of April, 2016, that all Plaintiffs (Budha Ismail Jam, Kashubhai Abhrambhai Manjalia, Sidik Kasam Jam, Ranubha Jadeja, Navinal Panchayat, and Machimar Adhikar Sangharash Sangathan) hereby appeal to the United States Court of Appeals for the District of Columbia Circuit from the judgement of this Court entered on the 24th day of March, 2016, granting Defendant's motion to dismiss, and dismissing Plaintiffs' complaint.

Respectfully submitted,

_____/s/ Michelle C. Harrison_____
Michelle C. Harrison (DC Bar # 1026592)
Marco B. Simons (DC Bar # 492713)
Richard L. Herz (*pro hac vice*)
EARTHRIGHTS INTERNATIONAL
1612 K Street, N.W., Suite 401
Washington, DC 20006
Tel: (202) 466-5188
Fax: (202) 466-5189

*Counsel for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BUDHA ISMAIL JAM, et al.,

    Plaintiffs,

        v.

INTERNATIONAL FINANCE
CORPORATION,

    Defendant.

Civil Action No. 15-612 (JDB)

## MEMORANDUM OPINION

Located in a coastal region of Gujarat, India, the coal-fired Tata Mundra Power Plant was constructed in order to supply much-needed power for India's continued economic growth. But according to plaintiffs, who live, fish, and farm in the shadow of the Plant, its main legacy has been environmental and social harm—to the marine ecosystem, to the quality of the air, to plaintiffs' health, and to their way of life. Plaintiffs believe that the International Finance Corporation (IFC), which provided $450 million for construction of the Plant, is primarily responsible for their injuries. They have sued IFC in this Court seeking several forms of equitable relief or, in the alternative, compensatory and punitive damages. IFC now moves to dismiss on several grounds, most notably that it is immune from this suit under the International Organizations Immunities Act. Because the Court agrees that IFC is immune from this suit, it will dismiss plaintiffs' complaint in its entirety, without reaching IFC's other arguments.

## BACKGROUND

IFC is an international organization with 184 member countries, including the United States and India. Def.'s Mot. to Dismiss [ECF No. 10-1] at 3. As described in its Articles of

Agreement, IFC's purpose is "to further economic development by encouraging the growth of productive private enterprise in member countries." Ex. 1 to Zeidan Decl. [ECF No. 10-8] (Articles of Agreement) Art. I. To fulfill that purpose, IFC may invest in privately run projects for which "sufficient capital is not available on reasonable terms." Id. The project at the center of this case, development of the Tata Mundra Power Plant, was carried out by Coastal Gujarat Power Limited (CGPL), a subsidiary of Tata Power, an Indian power company. IFC loaned CGPL $450 million for the development of the Plant. Total project cost was estimated to be $4.14 billion. Compl. [ECF No. 1] ¶¶ 56, 47.

Internal IFC policies demand careful attention to the environmental and social impacts of IFC-financed projects. IFC's "Performance Standards on Environmental and Social Sustainability" create a framework for the assessment, avoidance, minimization, and mitigation of environmental and social risks. See Ex. 5 to Herz Decl. [ECF No. 22-5] (2012 Performance Standards) at ¶¶ 1–8. "IFC will only finance investment activities that are expected to meet the requirements of the Performance Standards within a reasonable period of time." Ex. 2 to Herz Decl. [ECF No. 22-5] (2012 Policy on Environmental and Social Sustainability) ¶ 22. When IFC does invest in a project, the resulting loan agreement requires the client to comply with the Performance Standards and other related policies. See 2012 Policy on Environmental and Social Sustainability ¶ 24. Thus, "managing environmental and social risks and impacts in a manner consistent with the Performance Standards [becomes] the responsibility of the client." Id. ¶ 7. But IFC retains responsibility for monitoring and supervising its clients' efforts. Id. "If the client fails to comply with its environmental and social commitments," then "IFC will work with the client to bring it back into compliance." Id. ¶ 24. "Persistent delays in meeting [those commitments] can lead to loss of financial support from IFC." Id. ¶ 22.

2

From the earliest stages of its involvement, IFC recognized that the development of the Plant entailed significant—and possibly irreversible—environmental and social risks. See Ex. 7 to Zeidan Decl. [ECF No. 10-14] (Compliance Advisory Ombudsman Assessment Report) at 4–5. Hence, before closing the deal on IFC's $450 million investment, IFC and CGPL developed an Environmental and Social Action Plan in an attempt to manage the risks they had identified. Compl. ¶¶ 49–51. Ultimately, the Action Plan was incorporated into the loan agreement, along with IFC's Performance Standards and other environmental guidelines. See Ex. 1 to Karim Decl. [ECF No. 10-5 & -6] (Schedule I to Loan Agreement) at 91–92 (requiring CGPL to comply with the "Environmental and Social Requirements"); see also id. at 13–14 (defining "Environmental and Social Requirements").

Plaintiffs include fishermen and farmers who live and work near the Plant, suing on behalf of themselves and others similarly situated; a local trade union (MASS) dedicated to protection of fisherworkers' rights; and the local government of a nearby village. See Compl. ¶¶ 13–15. In plaintiffs' view, CGPL and IFC have failed to honor their commitments. They point to a host of negative environmental and social impacts allegedly caused by the operation of the Plant: hot water from the cooling system has substantially altered the marine environment, depressing the fish catch near the shore; the water intake channel has leaked saltwater into the groundwater, thereby making it unsuitable for drinking or irrigation; emissions have significantly degraded local air quality; local fisherman and farmers have been displaced. See Pls.' Opp'n [ECF No. 22] at 3–5; see also Compl. ¶¶ 74–115. Plaintiffs feel that, when these individual impacts are considered in the aggregate, their "way of life [has been] fundamentally threatened or destroyed by the Tata Mundra Plant." Compl. ¶ 6.

3

Plaintiffs blame IFC for the injuries they have suffered. In their view, if IFC had "follow[ed] its own policies and enforce[d] the conditions of the loan agreement," the negative environmental and social impacts caused by the Plant could have been avoided, minimized, or mitigated. Compl. ¶ 191; see id. ¶¶ 176–92. Based on that conviction, plaintiffs filed a complaint with IFC's Compliance Advisor Ombudsman (CAO). See Ex. 6 to Zeidan Decl. [ECF No. 10-13]. The CAO is IFC's "independent recourse and accountability mechanism . . . for environmental and social concerns." Ex. 3 to Zeidan Decl. [ECF No. 10-10] (CAO Operational Guidelines) at 4. But the CAO's compliance function is focused on IFC's environmental and social performance, not on the performance of IFC's clients. Id. at 22. CAO compliance investigations focus on whether IFC has "fail[ed] to address environmental and/or social issues as part of [its] review process," and whether that failure has "resulted in outcomes that are contrary to the desired effect of the [IFC's] policy provisions." Id. at 24. The final investigation report, which is made available on the CAO's website, will detail any identified policy violations. Id. at 25. However, the CAO is not a court, has "no authority with respect to judicial processes," and creates no "legal enforcement mechanism." Id. at 4. Thus, the CAO cannot compel IFC to right its wrongs, or to provide remedies to individuals who have been harmed by IFC-financed projects.

Plaintiffs understand that well. The CAO investigation into their complaint concluded that IFC had failed adequately to consider the environmental and social risks to which plaintiffs would be exposed as a result of the Plant's development. See Ex. 11 to Zeidan Decl. [ECF No. 10-18] (CAO Audit Report) at 4. In the CAO's estimation, IFC then compounded that error by failing to perform an environmental and social impact assessment "commensurate with project risk," and by failing to "address [subsequent] compliance issues during [project] supervision." Id.; see also id. at 50–53 (summarizing the key compliance findings). IFC responded with a letter challenging

4

some of the CAO's conclusions, see Ex. 12 to Zeidan Decl. [ECF No. 10-19], and with a statement laying out a ten-item action plan to address any compliance shortcomings, see Ex. 13 to Zeidan Decl. [ECF No. 10-20]. But the CAO was unimpressed. In a subsequent monitoring report, it explained that "a number of its findings suggest the need for a rapid, participatory and expressly remedial approach to assessing and addressing project impacts raised by [plaintiffs]." Ex. 14 to Zeidan Decl. [ECF No. 10-21] at 5. In the eyes of the CAO, the action plan proposed by IFC and CGPL fell short of that mark. Id. The matter remains open for continued monitoring. Def.'s Mot. to Dismiss at 7.

Seeking the relief they cannot obtain from the CAO, plaintiffs have filed a complaint in this Court. Their case is focused on "the irresponsible and negligent conduct of the International Finance Corporation in appraising, financing, advising, supervising and monitoring its significant loan to enable the development of the Tata Mundra Project in Gujarat, India." Compl. ¶ 2. That conduct, plaintiffs contend, gives rise to valid claims for negligence, negligent supervision, public nuisance, private nuisance, trespass, and breach of contract. See id. ¶¶ 294–332. As remedies, plaintiffs seek various forms of injunctive relief running against IFC or, in the alternative, compensatory and punitive damages. See id. ¶¶ 333–45. IFC has responded with a motion to dismiss. At the threshold, IFC believes plaintiffs' suit is barred by the International Organizations Immunities Act (IOIA), 22 U.S.C. § 288 et seq. Alternatively, IFC asks the Court to dismiss on grounds of forum non conveniens or for failure to join indispensable third parties. Finally, IFC argues that some of the counts in plaintiffs' complaint fail to state a claim upon which relief can be granted. See Def.'s Mot. to Dismiss at 1–2. As the Court agrees that IFC is immune from plaintiffs' suit, it will address only IFC's threshold immunity argument.

5

IFC's immunity claim seeks dismissal for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). As "[f]ederal courts are courts of limited jurisdiction[,] . . . [i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting" it. <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994) (citations omitted). Thus, plaintiffs must establish jurisdiction by a preponderance of the evidence. <u>See</u> <u>Gordon v. Office of the Architect of the Capitol</u>, 750 F. Supp. 2d 82, 87 (D.D.C. 2010). In making this determination, "the Court must accept as true all of the factual allegations contained in the complaint," but those allegations "will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." <u>Id.</u> at 86–87 (internal quotation marks and citations omitted).

## DISCUSSION

"It is well established that statutes like the IOIA that grant immunity to foreign nations and international organizations limit the District Court's jurisdiction over parties that are entitled to such protection." <u>Weinstock v. Asian Dev. Bank</u>, 2005 WL 1902858, at *3 (D.D.C. July 13, 2005). "The International Organizations Immunities Act applies to those international organizations which the President designates as entitled to [its] benefits . . . ." <u>Osseiran v. Int'l Finance Corp.</u>, 552 F.3d 836, 838 (D.C. Cir. 2009). IFC is among those organizations that have been so designated. <u>Id.</u> (citing Exec. Order No. 10,680, 21 Fed. Reg. 7,647 (Oct. 2, 1956)). Under the IOIA, IFC generally "enjoy[s] the same immunity from suit and every form of judicial process as is enjoyed by foreign governments." 22 U.S.C. § 288a(b). "When Congress enacted the IOIA in 1945, foreign sovereigns enjoyed—contingent only upon the State Department's making an immunity request to the court—'virtually absolute immunity.'" <u>Atkinson v. Inter-Am. Dev. Bank</u>,

156 F.3d 1335, 1340 (D.C. Cir. 1998) (quoting <u>Verlinden B.V. v. Cent. Bank of Nigeria</u>, 461 U.S. 480, 486 (1983)). The IOIA thus confers that same absolute immunity upon international organizations like IFC. <u>Id.</u> at 1341. Immunity may be waived, however, "for the purpose of any proceedings or by the terms of any contract." 22 U.S.C. § 288a(b).

IFC's Articles of Agreement contain such a waiver provision. Titled "Position of the Corporation with Regard to Judicial Process," it reads:

> Actions may be brought against the Corporation only in a court of competent jurisdiction in the territories of a member in which the Corporation has an office, has appointed an agent for the purpose of accepting service of process, or has issued or guaranteed securities. No actions shall, however, be brought by members or persons acting for or deriving claims from members. The property and assets of the Corporation shall, wheresoever located and by whomsoever held, be immune from all forms of seizure, attachment or execution before the delivery of final judgment against the Corporation.

Articles of Agreement, Art. VI, § 3.[1] Based on the broad language of this waiver, one might conclude that IFC retained immunity only from suits by its members. The D.C. Circuit, however, has instructed courts to read such waivers more narrowly, with careful attention to "the interrelationship between the functions of the [IFC] set forth in the Articles of Agreement and the underlying purposes of international immunities." <u>Mendaro v. World Bank</u>, 717 F.2d 610, 615 (D.C. Cir. 1983).

"'Since the purpose of the immunities accorded to international organizations is to enable the organizations to fulfill their functions, applying the same rationale in reverse, it is likely that most organizations would be unwilling to relinquish their immunity without receiving a corresponding benefit which would further the organization's goals.'" <u>Atkinson</u>, 156 F.3d at 1338

---

[1] IFC's waiver provision is identical to that of its parent entity, the World Bank, <u>Osseiran</u>, 552 F.3d at 839, and nearly identical to that of the Inter-American Investment Corporation, <u>Vila v. Inter-Am. Inv. Corp.</u>, 570 F.3d 274, 278 (D.C. Cir. 2009).

(quoting Mendaro, 717 F.2d at 617). Waivers should be more broadly construed only "when the waiver would arguably enable the organization to pursue more effectively its institutional goals." Vila, 570 F.3d at 278–89 (internal quotation marks omitted). On the other hand, "'when the benefits accruing to the organization as a result of the waiver would be substantially outweighed by the burdens caused by judicial scrutiny of the organization's discretion to select and administer its programs, it is logically less probable that the organization actually intended to waive its immunity.'" Id. at 279 (quoting Mendaro, 717 F.2d at 617). The relevant question is thus "whether a waiver of immunity to allow this type of suit, by this type of plaintiff, would benefit the organization over the long term." Osseiran, 552 F.3d at 840. Hence, immunity "should be construed as not waived unless the particular type of suit would further [IFC's] objectives." Atkinson, 156 F.3d at 1338.

As a general matter, "promises founded on good faith alone are worth less than obligations enforceable in court." Osseiran, 552 F.3d at 187. International organizations, which must often participate in the marketplace in order to fulfill their chartered functions, may therefore waive their immunity from certain kinds of suits to enhance their credibility in dealings with certain counterparties. The World Bank, for example, waives its immunity for suits arising out of its "commercial transactions with the outside world," brought by "its debtors, creditors, bondholders, and those other potential plaintiffs to whom the Bank would have to subject itself to suit in order to achieve its chartered objectives." Mendaro, 717 F.2d at 615, 618. IFC has waived immunity for a suit by a prospective buyer of an IFC investment, who brought promissory estoppel and breach of confidentiality claims after the deal soured. Osseiran, 552 F.3d at 840–41. And the Inter-American Investment Corporation was not immune from the unjust enrichment claim of an

8

independent consultant who had provided advisory services to the organization without being paid. <u>Vila</u>, 570 F.3d at 276–78.

Plaintiffs believe their suit fits comfortably within this precedent. Because their suit arises from IFC's "<u>external</u> activities and relationships with host communities," and because IFC "could not function without credible policies and promises" to those communities, plaintiffs argue that a waiver would benefit IFC here. Pls.' Opp'n at 22. But plaintiffs' argument glosses over some material differences between those waiver of immunity cases and this one. International organizations have previously waived immunity for suits brought by individual plaintiffs with whom the organization had a direct commercial relationship. Here, on the other hand, plaintiffs are a would-be class of fishermen and farmers, and two institutional plaintiffs that represent their interests—none of whom have a commercial relationship with IFC. <u>See</u> Compl. ¶¶ 6, 13–15. Nor is this the type of suit for which waiver has previously been found. In both <u>Osseiran</u> and <u>Vila</u>, the underlying claims invoked principles of contract law. <u>See Vila</u>, 570 F.3d at 276. Plaintiffs' claims, however, sound primarily in tort. <u>See</u> Compl. ¶¶ 294–324 (asserting claims for negligence, negligent supervision, public nuisance, private nuisance, and trespass); <u>see also</u> <u>Banco de Seguros del Estado v. Int'l Finance Corp.</u>, 2007 WL 2746808, at *5–6 (S.D.N.Y. Sept. 20, 2007) (IFC did not waive immunity for negligent supervision claim by third-party). True, plaintiffs do bring one claim for breach of contract. <u>See</u> Compl. ¶¶ 325–32. But it is a stretch to characterize that claim, as plaintiffs attempt to do, as one arising purely from IFC's external activities. Plaintiffs' own complaint characterizes the suit as one that "arises out of" IFC's "irresponsible and negligent conduct . . . in appraising, financing, advising, supervising and monitoring its significant loan" to CGPL. <u>Id.</u> ¶ 2. By focusing on IFC's internal decision-making processes, the suit invites—indeed, demands—"judicial scrutiny of the [IFC's] discretion to select and administer its programs." <u>Vila</u>,

570 F.3d at 279 (internal quotation marks omitted). Waiver of immunity is highly unlikely in such circumstances. See Mendaro, 717 F.2d at 617.

Nonetheless, in assessing the claim that immunity has been waived, the Court remains obliged to weigh the benefits and costs that a waiver may entail. Vila, 570 F.3d at 281. On the cost side of the ledger, the Court may appropriately consider the litigation costs inherent in defending this type of suit. See Atkinson, 156 F.3d at 1339. In cases where the D.C. Circuit has found a waiver, the organization has failed to come forward with robust arguments about costs. See Osseiran, 552 F.3d at 841 ("International Finance identifies no unique countervailing costs . . . ."); Vila, 570 F.3d at 281 (The Inter-American Investment Corporation "has not identified countervailing costs that are distinguishable from the costs associated with a claim for promissory estoppel."). But here, IFC argues that waiver would "produce a considerable chilling effect on IFC's capacity and willingness to lend money in developing countries," by opening "a floodgate of lawsuits by allegedly aggrieved complainants from all over the world." Def.'s Reply [ECF No. 23] at 9–10. Litigation of this kind, in other words, would "open [IFC] to disruptive interference with its lending policies." Vila, 570 F.3d at 281 (internal quotation marks and brackets omitted). Since this type of suit is aimed at IFC's internal decision-making process, the Court has little reason to doubt IFC's assessment of its concerns.

But plaintiffs take issue with IFC's cost contentions. IFC will only incur this cost, plaintiffs' argument goes, if it persists in providing loans "irrespective of the environmental and human toll." See Pls.' Opp'n at 26. To avoid litigation, IFC can simply "choose projects and partners that follow IFC policy and obey the law." Id. at 27. If it fails to do so, some suits may be filed. But because each of these suits would seek only to encourage "IFC's management to do what the IFC already requires," plaintiffs assert, the suits would actually benefit IFC and further

10

its development goals. Id. at 26. Thus, in plaintiffs' view, the "costs" identified by IFC are not costs at all. Id.

Plaintiffs cannot so easily blur the boundaries between cost and benefit. The D.C. Circuit has identified "judicial scrutiny of the organization's discretion to select and administer its programs" as a burden or cost, without regard to whether the underlying litigation is meritorious or in some other sense deserved. See Mendaro, 717 F.2d at 617. This Court will not completely dismiss the possibility that a waiver could provide some incentive for IFC to adhere more scrupulously to its policies, over and above the pressure already applied by the CAO. But that marginal benefit must be weighed against the relevant costs which, in suits like this by these kinds of plaintiffs, remain quite substantial.

Plaintiffs also offer a more modest theory regarding the benefits of waiver in cases where the CAO has identified a compliance failure but IFC has failed to deliver a remedy. See Pls.' Opp'n at 25–26. IFC-funded projects are likely to be more successful when they garner support from local communities, plaintiffs argue. If, however, IFC can breach its environmental and social policies without providing redress to those who are negatively impacted, that support will be difficult to secure. Local communities "may hesitate to do business with an entity insulated from judicial process," Vila, 570 F.3d at 279 (internal quotation marks omitted), and may instead decide to "fight [IFC] projects tooth and nail," Pls.' Opp'n at 22. Waiver of immunity, plaintiffs contend, is the solution to this problem. By creating a legal avenue for the redress of environmental and social harms, IFC can credibly assuage any doubts that local communities may harbor about hosting IFC-funded projects.[2] See id. at 21–26.

---

[2] Plaintiffs also argue that waiver would help IFC maintain the support of donor governments like the United States. See Pls.' Opp'n at 24. But the United States government has adequate tools at its disposal to make its view on IFC's immunity known directly—specifically, the "President retains authority to modify, condition, limit, and even

Although plaintiffs' argument makes some intuitive sense, it is ultimately insufficient to support a finding of waiver here. As an initial matter, the Court hesitates to extend the "credibility" theory upon which plaintiffs rely outside the context of commercial transactions, where it was initially developed and has been exclusively applied. But even if the Court were to stretch that theory to reach this case, plaintiffs would not prevail. The preceding analysis has left plaintiffs with a daunting task. To support a finding of waiver, they must point to a benefit that would justify opening the courthouse doors to a new type of plaintiff, bringing a new and very broad type of suit, more costly than those that have previously been allowed and aimed squarely at IFC's discretion to select and administer its own projects. Plaintiffs' benefit argument simply cannot bear that substantial weight. Immunity "should be construed as <u>not waived</u> unless the particular type of suit would <u>further</u> [IFC's] objectives." <u>Atkinson</u>, 156 F.3d at 1338. Any "ties go to the organization." <u>Vila</u>, 570 F.3d at 286 (Williams, J., dissenting). In the Court's view, for all the reasons reviewed above, suits like plaintiffs' are likely to impose considerable costs upon IFC without providing commensurate benefits. Hence, IFC has not waived its immunity to this suit.

The Court can deal quickly with plaintiffs' remaining arguments, which urge several changes to the D.C. Circuit's immunity jurisprudence. First, plaintiffs believe <u>Atkinson</u> was incorrectly decided. Citing the Third Circuit's decision in <u>OSS Nokalva, Inc. v. European Space Agency</u>, 617 F.3d 756 (3d Cir. 2010), plaintiffs argue that the IOIA was intended to incorporate subsequent changes to the law of foreign sovereign immunity (like the Foreign Sovereign Immunities Act's commercial activity exception), rather than to preserve the understanding of foreign sovereign immunity that prevailed in 1945. <u>See</u> Pls.' Opp'n at 19–20. Plaintiffs also argue, citing several FSIA decisions by the Supreme Court, that <u>Atkinson</u> mischaracterized the pre-1945

---

revoke the otherwise absolute immunity of a designated organization," <u>Atkinson</u>, 156 F.3d at 1341. In this setting, the Court thinks it unwise to speculate as to the United States government's views on IFC's immunity.

law by holding that it had provided absolute immunity for foreign sovereigns. <u>See id.</u> at 14–19. Finally, they intend to argue on appeal that <u>Mendaro</u>'s "corresponding benefit" test, which structured the preceding analysis, "unduly narrows the plain meaning of the IFC's waiver." <u>Id.</u> at 21 n.12.

But as plaintiffs recognize, this Court cannot overturn <u>Mendaro</u> or <u>Atkinson</u>. Nor will it authorize an end-run around <u>Atkinson</u>, which the D.C. Circuit said less than two years ago "remains vigorous as Circuit law." <u>Nyambal v. Int'l Monetary Fund</u>, 772 F.3d 277, 281 (D.C. Cir. 2014). This Court's role is to apply Circuit law, not to "reconsider" it. <u>Cf.</u> Steven Herz, <u>International Organizations in U.S. Courts: Reconsidering the Anachronism of Absolute Immunity</u>, 31 Suffolk Transnat'l L. Rev. 471 (2008) (making plaintiffs' arguments). Perhaps the D.C. Circuit will adopt plaintiffs' suggested approach to questions concerning waivers of international organization immunity. This Court, however, cannot do so. And plaintiffs' invitation to the Court to undertake such a revision of controlling case law simply underscores the conclusion that, under that precedent, plaintiffs' waiver claim fails.

## CONCLUSION

Because IFC has not waived its immunity from this suit, its motion to dismiss will be granted, and plaintiffs' complaint will be dismissed in its entirety. A separate Order has issued on this date.

/s/
JOHN D. BATES
United States District Judge

Dated: <u>March 24, 2016</u>

13

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

BUDHA ISMAIL JAM, et al.,

      Plaintiffs,

        v.

INTERNATIONAL FINANCE
CORPORATION,

      Defendant.

Civil Action No. 15-612 (JDB)

---

## ORDER

Upon consideration of defendant's motion to dismiss, the parties' memoranda, the applicable law, and the entire record herein, and for the reasons stated in the Memorandum Opinion filed on this date, it is hereby

**ORDERED** that [10] defendant's motion to dismiss is **GRANTED**; it is further

**ORDERED** that [27] plaintiffs' motion to disregard new arguments impermissibly raised for the first time on reply is **DENIED AS MOOT**; and it is further

**ORDERED** that this case is dismissed in its entirety.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated: <u>March 24, 2016</u>