**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| BUDHA ISMAIL JAM, *et al.*, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| *v.* | ) | Civil Action No. 1:15-CV-00612-JDB |
| | ) | |
| INTERNATIONAL FINANCE | ) | |
| CORPORATION, | ) | |
| | ) | |
| *Defendant.* | ) | |

**JOINT STATUS REPORT**

Pursuant to this Court's April 15, 2019 Order, the undersigned parties submit this Joint Status Report.

On July 1, 2015, Defendant International Finance Corporation (IFC) filed a motion to dismiss Plaintiffs' Complaint.  In the motion, IFC argued that this Court must dismiss the Complaint because (1) this Court lacked subject-matter jurisdiction over Plaintiffs' claims under the International Organizations Immunities Act (IOIA), (2) Plaintiffs' claims should be litigated in India under the doctrine of *forum non conveniens*, (3) Plaintiffs failed to join indispensable parties, and (4) Plaintiffs failed to state a claim upon which relief may be granted.

On March 24, 2016, this Court granted IFC's motion and dismissed Plaintiffs' Complaint in its entirety on the ground that this Court lacked subject-matter jurisdiction under the IOIA.  This Court did not reach IFC's other arguments.

On June 23, 2017, the Court of Appeals for the District of Columbia Circuit affirmed this Court's decision on the same ground.  The D.C. Circuit did not reach IFC's other arguments.

On May 21, 2018, the U.S. Supreme Court granted Plaintiffs' petition for certiorari limited to Question 1:   whether the International Organizations Immunities Act—which affords

international organizations the "same immunity" from suit that foreign governments have, 22 U.S.C. § 288a(b)—confers the same immunity on such organizations as foreign governments have under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602-11.

On February 27, 2019, the Supreme Court reversed the judgment of the D.C. Circuit, remanding for further proceedings.  Plaintiffs' position is that the Supreme Court held that "IFC was entitled under the IOIA only to the limited or 'restrictive' immunity that foreign governments currently enjoy."  Slip op. at 2.  IFC's position is that the Supreme Court's decision does not alter the outcome of IFC's motion to dismiss.

Having conferred by and through their counsel, the parties were unable to reach an agreement on the form of either supplemental briefing on remand (Plaintiffs' proposal) or IFC's renewed motion to dismiss the Complaint (IFC's proposal).  The parties have agreed to the *dates* in each of the respective proposals, with one exception noted below. The parties' respective positions are as follows:

**<u>Plaintiffs' Position</u>**

Defendants have already filed a motion to dismiss that has been fully briefed by both sides. Given that it dismissed on jurisdictional grounds, the Court had no occasion to reach some of the issues IFC raised. Rather than start the briefing over from scratch, Plaintiffs propose simply supplementing the existing briefing with whatever updates on whatever issues each side finds relevant.

Plaintiffs propose simultaneous submissions under the following schedule:

1.      Each side will file a 15-page opening brief on June 21, 2019.

2.      Each side will file a 15-page responsive brief on August 20, 2019.

3.      Pursuant to Local Rule 23.1(b), Plaintiffs' time to file a motion for class certification under Rule 23.1(c) shall be extended until 90 days following a decision on Defendant's renewed motion to dismiss.  Further extensions may be considered after such a decision.

## IFC's Position

IFC does not believe that there is any reason to deviate from the order of pleadings set forth in Rule 12 of the Federal Rules of Civil Procedure and Rule 7 of the Rules of the U.S. District Court for the District of Columbia.  Further, IFC also objects to the proposal of restricted page limits.  Given the complex nature of the issues that this Court will confront for the first time in this case, there is no reason to depart from the standard page limits in Rule 7(e) of the Rules of the U.S. District Court for the District of Columbia.  IFC proposes the following schedule:

1.      Defendant will file a renewed motion to dismiss by June 21, 2019.[1]

2.      Plaintiffs will file any opposition to the motion by August 20, 2019.

---

[1] The parties were unable to agree on this date.

**Plaintiffs' position**: If IFC's proposal is accepted, Plaintiffs propose IFC's initial brief be due on June 19, 2019, because Plaintiffs' counsel leading the response expects to leave for previously planned vacation on June 21, and would want the opportunity to review the brief and plan the response before leaving. Plaintiffs asked Defendant to agree to file on June 19; Defendant refused. Plaintiffs do not propose filing the opening briefs under their proposal on the same date, June 19, because two members of Plaintiffs' team will be travelling for work for more than a week preceding June 18.

**IFC's position**:  IFC believes June 21, 2019, is reasonable because it is the same date proposed by Plaintiffs for the initial briefs under Plaintiffs' proposal.  Although June 21 is the start date under their proposal, Plaintiffs refused our proposal, explaining that they needed IFC's brief on June 19 (rather than June 21) to account for Mr. Herz's vacation schedule.  IFC proposed that the parties harmonize the start dates at June 19 under both proposals, but Plaintiffs refused that proposal as well, explaining that they need until June 21 for their opening brief under their proposal.

3.      Defendant will file any reply in further support of its renewed motion to dismiss by September 19, 2019.

4.      Pursuant to Local Rule 23.1(b), Plaintiffs' time to file a motion for class certification under Rule 23.1(c) shall be extended until 90 days following a decision on IFC's renewed motion to dismiss.  Further extensions may be considered after such a decision.


Dated: April 29, 2019                    Respectfully submitted,


/s/ Michelle Harrison                    /s/ Francis A. Vasquez, Jr.
Michelle Harrison (D.C. Bar No. 1026592)  Francis A. Vasquez, Jr. (D.C. Bar No. 442161)
Marco Simons (D.C. Bar No. 492713)        Dana E. Foster (D.C. Bar No. 489007)
EARTHRIGHTS INTERNATIONAL                 Maxwell J. Kalmann (D.C. Bar No. 1033899)
1612 K Street N.W., Suite 401             WHITE & CASE LLP
Washington, D.C. 20006                    701 Thirteenth Street, N.W.
T: (202) 466-5188                         Washington, D.C. 20005-3807
F: (202) 466-5189                         T: (202) 626-3600
michelle@earthrights.org                  F: (202) 639-9355
marco@earthrights.org                     fvasquez@whitecase.com
                                          defoster@whitecase.com
*Counsel for Plaintiffs*                  maxwell.kalmann@whitecase.com

                                          *Counsel for International Finance Corporation*